The opinion of the court was delivered by
Gibson, J.
That the special court had jurisdiction, does not admit of a question. The certificate of Judge Huston was competent and satisfactory evidence to show his interest, but not to show that the cause was not depending. That could be shown only by inspecting the record. Our judicial records are brought to a bad pass, indeed, if the evidence of a judgment of nonsuit is in any gase'to be found only in the recollection of witnesses.
Nor do I allow more weight to the bill of exceptions, for rejecting the depositions. To decide on the evidence of preliminary facts, is peculiarly the province of the court below; and, although I will not at present say, that a mistake in this particular may not be corrected on a writ of error, it is sufficient, for; the purpose of deciding the present question, that due notice of the time and place of taking the depositions was not attempted to be proved.
But the next exception is better founded. An extract from a record is not competent evidence; but, whether it be only an extract, or an exemplification of the whole, must be determined by inspection, not of the record itself, but of the certificate of the officer by whom it is authenticated; and this much was determined in Edmiston v. Schwartz, during the last term of this court, at Sunbury, (ante, 135.) Now, here the prothonotary certifies, that the paper contains “a copy of the record,” which, ex vi termini, means a copy of the whole record. It is not sufficient, to support an objection of this sort, that the record appears to be incomplete; for it may appear to be so, and yet contain every thing that remains in the office. A. contrary rule would exclude every record, a part of which *336 should be lost, or destroyed. But, an attempt has been made to support the rejection of the record, by showing, that the proceedings on the judgment were so defective and irregular, that no title passed by the sheriff’s deed. There is, however, no surer principle of law, than that a third person shall not be affected by mere irregularity, in a proceeding which has not been reversed by a court of competent jurisdiction. The remaining errors have been relinquished; and the judgment is reversed, on the error which relates to the rejection of the record.
Judgment reversed, and a venire facias de novo awarded.