Conway B, J. Owen for the use of Kitchen sued Butler in the court below on an alleged judgment of a court in Alabama. Butler plead mil tiel record. Issue was joined, and Owen offered as evidence a paper purporting to be a transcript of the record of the case in the Alabama court. Butler objected to its being read and. alleged want of proper authentication, and a variance between the judgment in the transcript and that described in the declaration. The court overruled these .objections, admitted the transcript and gave judgment against Butler. He .excepted and has brought the case here on writ of error. The constitution of the United States declares that full faith and credit shall be given in each State to the records and judicial proceedings of every other State, and authorizes Congress to prescribe the manner in which such records and proceedings shall be proved. In pursuance of this authority Congress on the 26th of May 1794, enacted “ That the records and judicial proceedings of the court of any State shall be proved or admitted in any other court within the United States by the attestation of the clerk and the seal of the court annexed (if there be a seal) together with a certificate of the judge, chief justice or presiding magistrate (as the case may be) that the attestation is in due form.” In this case the clerk has certified at the bottom of the transcript that the foregoing three pages contain a true and correct transcript pf the record of the proceedings in this cause as the same remains of record in my office.” Though the clerk dpes npt say in words, he has given a full or complete transcript, yet the language he employs certainly implies that he has dpne so. “ A trap and correct transcript of the record pf the proceedings in this cause as fhe same remain of record in my office ” assuredly imports a complete transcript. A true copy imports an entire copy. Edmiston vs. Schevartz, 13 Serg. & Rawle 131. A transcript of the record pf a case ex vi termini, means a transcript pf the whole, Voris vs. Smith, 13 Serg. & Rawle 334. Peck vs. Sale, 3 Miller's Law. Rep. 320, 323-4. The other objection to the authentication goes to the judge’s certificate. It is insisted it does not sufficiently appear that he was the judge or sole judge of the court. The certificate is “I John A. Cuthbert, judge pf the county court of Mobile county, do hereby certify &c. Given under my hand and seal &c. John A. Outhbert, J. C. C. M. C. [n. s.] It doubtless ipust appear that the certificate was given by the judge of the court in which fhe judgment was rendered, but we do not deem as requisite, the pxpressipns sole jpdge or the judge. We can perceive no reason for so strict a construction of the law. If the language used fully satisfies the mind that the certificate was made by the judge pf fhe court from whose records the transcript has been taken it surely should be considered sufficient. As far as the terms of the Certificate are prescribed by the law, it is probably necessary that they should be employed; but farther than this we do not conceive a literal cpmpliance at all essential. It is certainly not necessary to arrive at the pure ends of justice. We are therefore pf ppinion that the transcript was sufficiently authenticated. But as to the alleged variance it is a well settled rule that descriptive allegations must be strictly and literally proved as laid. 1 T. R. 656. 9 East 161-163. Brown vs. Jacobs, 2 Espn. N. O. C. 726. R. vs. Taylor, 1 Camp. 404. R. vs. Leefe, 2 Camp. 141. Woodford vs. Ashley, 2 Camp 193. Caldwell vs. Bell & Graham, 3 Ark R. 422. Cheadle vs. Riddle, same vol. 483. The party therefore declaring on a record must show at the trial of the issue on a plea of nul tiel record, such record as he has described in his declaration. Did the plaintiff below comply with the requisition of this rule? He thus described his cause of action. “ For that whereas at a county court pf the State of Alabama, begun and held in and for the county of Mobile on the 13th day of February, A. D. 1843, the said James Owen for the use of William Kitchen by the consideration and judgment of said county court on said 13th day of February A.'JD, 1843, recovered against said David Butler the sum of .$208 37 cents for his damages together with his costs by him about Jjis suit in'that behalf expended, which costs amount to a large sum of money, to wit: The sum of nine dollars and seven cents whereof the said David Butler was convicted as by the record and proceedings thereof remaining in said county court in and for Mobile county in the State of Alabama aforesaid more fully appears.” It will be perceived that he describes a record showing not only a judgment for $208 37 cents damages and costs, but also the amount of the costs in numero. The judgment in the transcript is in these words: “ It is considered by the court that the plaintiff recover against the defendant the sum of two hundred and eight dollars 37-100 dollars for his damages together with his .costs by him about his suit in this behalf expended.” It does not appear from the record therefore that the costs amounted to nine dollars ■ and seven cents whereof the said David Butler was convicted, nor does it appear that any specific sum was adjudged against him for costs: nor indeed does the record show that the amount of costs has been ascertained by any means known to the law. There is clearly then a misdescription in this particular and a material variance between the judgment described in the declaration and that contained in the transcript read on the trial. The circuit court therefore erred in admitting the transcript as evidence and in giving judgment, in favor of the plaintiff below. The judgment is therefore reversed and 'the cause remanded with instructions to permit the parties to amend their pleadings if they ask leave to do so.