Anderson v. Ackerman.

No. 9723.

ANDERSON v. ACKERMAN.

| | |
|---|---|
| 88 | 481 |
| 125 | 354 |
| 88 | 481 |
| 130 | 331 |
| 88 | 481 |
| 133 | 34 |
| 88 | 481 |
| 137 | 540 |
| 139 | 592 |
| 88 | 481 |
| 140 | 196 |
| 141 | 234 |
| 88 | 481 |
| 150 | 278 |
| 150 | 312 |
| 88 | 481 |
| 165 | 288 |

COPARTNERSHIP.—*Dissolution by Death.— Surviving Partner.—Administrator of Deceased Partner.—Demand for Settlement.—Complaint.*—Where a copartnership is dissolved by the death of a member of the firm, the law invests the surviving partner with the exclusive right of possession and management of the assets of the partnership, for the purpose of closing up and settling the firm's business; and the surviving partner is not liable to an action by the personal representative of the deceased partner in such case, as a general rule, until demand is made for a settlement and refused, and where a demand is necessary it should be averred in the complaint.

SAME.—*Complaint.*—Where, however, the complaint shows that the debts of the partnership are all paid, and that the only remaining assets of the firm are the unsettled individual accounts of the partners, and states the nature and extent of the defendant's indebtedness to the plaintiff, on account of the firm's transactions, an averment of a demand before suit brought is not necessary to the sufficiency of the complaint.

PLEADING.—*Relief Demanded.—Demurrer.*—Where the complaint shows that the plaintiff is entitled to some relief, it will not be held bad on demurrer merely because it demands relief to which he is not entitled.

EVIDENCE.—*Transcript of Judgment.—Certificate of Clerk.*—The transcript of a judgment, if otherwise competent evidence, is not objectionable, and can not be excluded, merely because it is certified by the proper clerk to be a "full, true and correct," instead of a "true and complete," copy of the judgment.

SAME.—*Competency of Transcript.—Copies of Pleadings.*—Where the transcript of a judgment is otherwise competent evidence, it can not be excluded solely on the ground that it does not contain copies of all the pleadings and proceedings in the cause.

SAME.—*Signature of Judge.—Presumption.*—Where the transcript of a judgment is duly authenticated by the proper clerk, it can not be excluded as incompetent evidence merely because it fails to show that the entry of the judgment was signed by the judge of the court; for, in such case, the presumption is that the proceedings were regular, and that the judge discharged his duty by signing the record.

SAME.— *Original Pleadings.— Identification.*— Where a certified copy of a record or pleading is competent evidence, the original record or pleading, when properly identified, is also competent evidence.

From the Noble Circuit Court.

*A. A. Chapin, L. W. Welker* and —— *Campbell*, for appellant.

*J. H. Baker* and *J. A. S. Mitchell*, for appellee.

Howk, J.—This suit was commenced by the appellee against the appellant and one Joseph Harris, in the Elkhart Circuit Court. Afterwards, upon the appellant's application, the venue of the cause was changed to the court below. There the death of the defendant Joseph Harris was suggested, and, after such suggestion, the record contains the following recital: "Thereupon appears in open court the defendant John Anderson, and consents that the administrator of Joseph Harris, deceased, need not be made a party, and that the trial shall proceed just as though he, the said administrator, was in court."

The cause was put at issue and tried by the court; and, at the request of the parties, the court made a special finding of the facts and stated its conclusions of law thereon, in favor of appellee and against the appellant. Over the appellant's motion for a new trial, and his exception to the court's conclusion of law, the court rendered judgment thereon for the appellee, to which the appellant excepted.

The first error complained of in argument by the appellant's counsel is the overruling of a demurrer, for the want of sufficient facts, to appellee's complaint. In his complaint the appellee alleged in substance, that on the 14th day of March, 1876, he entered into an agreement of copartnership with the appellant and Joseph Harris; that prior to that date appellant and Harris had entered into a written contract with John W. and Samuel Stettler, by the terms of which, in consideration that the Stettlers bound themselves to convey to appellant and Harris an undivided two-thirds interest in certain real estate, together with the easements and water rights thereto appurtenant, appellant and Harris covenanted and agreed to erect on such real estate, and put in operation, a certain grist and flouring mill; that on the day aforesaid ap-

pellee became a partner with the appellant and Harris in said enterprise, it being further agreed that when the mill was completed they would prosecute the milling business together; that by the terms of the partnership agreement each one was to furnish one-third of the cost of erecting the mill and making the improvements required by the contract, and contribute one-third of the expenses of conducting the business, and share the profits and losses equally; that the partnership continued under the firm name of Anderson, Harris & Co., until May 30th, 1877, when the firm was dissolved by the appellant selling his interest in the firm business, assets and property to the said Harris; that afterwards, on August 9th, 1877, the appellee and Harris purchased the interest of the Stettlers in said real estate and its appurtenances, and received from them a warranty deed therefor; and that afterwards, on October 15th, 1877, Harris having no interest in fact in such property, the appellee received from him a conveyance of his interest in the real estate, and the surrender of his interest in and the possession of the property, and the same was then owned by appellee in his own right, and the firm was dissolved.

The appellee further averred that the debts of the firm of Anderson, Harris & Co. were all paid, and all the partnership assets which remained were the unsettled individual accounts of the partners; that, during the partnership of Anderson, Harris & Co., the appellee contributed in work and labor in the erection of the mill, and in produce and money in prosecuting the business and paying the firm debts, the sum of $12,856.56, a particular account of which was thereto attached, for which sum he was entitled to credit on partnership account; that appellee drew out of the firm the sum of $420.93, a particular account of which was thereto attached, with which sum he was properly chargeable on partnership account; that, during the continuance of the partnership business, the appellant contributed in work and labor and money the sum of $2,565.94, a particular account of which was thereto attached, for which sum he was entitled to credit on

partnership account; and that he also drew out, and was properly chargeable on partnership account with, the sum of $128.77, a particular account of which was thereto attached; and that the said Harris contributed, in work and money, the sum of $1,633.81, and drew out and was chargeable with the sum of $2,443.61, a particular account of which was thereto attached.

The appellee further alleged that there was due him from the appellant, on a final settlement of partnership accounts, the sum of $2.600, and from the said Harris the sum of $5,-600, for which sums he held an equitable lien against the interest which each of the said partners had in the partnership property at the time of the dissolution of the firm of Anderson, Harris & Co.; that, on the — day of ———, 187–, the said Harris executed to the appellant a mortgage on the undivided two-ninths of said real estate and its appurtenances, to secure an individual debt of Harris to appellant, which mortgage was duly recorded; but the appellee averred that the mortgage was subject to his equitable lien on such property to secure to him the payment of the sums so owing to him by the appellant and Harris; that, on the — day of ———, 187–, the appellant commenced suit in the Elkhart Circuit Court to foreclose his mortgage, to which suit the appellee was made a party; that, on issues duly made between the appellant and appellee, it was adjudged and decreed by the court that the appellee's lien for any balance which might be found due him on the final settlement of their partnership accounts was a prior lien to the lien of appellant's mortgage, and such judgment and decree remained in full force, unreversed and unappealed from; that, at the date of such decree, the partnership business was not fully settled, the amount of such lien could not be determined, and, by reason thereof, the amount of appellee's lien was not fixed in such decree; and that the partnership business had since been fully settled. Wherefore appellee prayed judgment against the appellant for $10,000, and against Harris for $10,000, and for a decree adjudging

that the amount of appellee's lien should be prior to the lien of appellant's mortgage, and for an order for the sale of the interest of the appellant and Harris in said real estate, and for all other proper relief.

The first objection urged to the complaint is that it contains "no averment of any demand for a settlement before suit brought." Counsel insist, on behalf of the appellant, that appellee has failed to state a cause of action in his complaint, because he did not allege therein that before suit brought he had demanded a settlement of the partnership affairs. In support of their position counsel cite the cases of *Skillen v. Jones*, 44 Ind. 136, and *Krutz v. Craig*, 53 Ind. 561. In each of these cases suit was brought by the administrator of a deceased partner against the surviving partner to recover the value of the decedent's share of the assets of the partnership; and it was held, and correctly so we think, that the complaint must show, in such a case, either a demand made or a sufficient excuse for not making such demand, before the commencement of the action. Where a partnership is dissolved by the death of a member of the firm, the law invests the surviving partner with the exclusive right of possession and management of the entire assets and property of the partnership, for the purpose of settling and closing up the firm's business. The administrator of the deceased partner has no claim upon the specific property or assets of the firm, as such; but he has the right to have an honest and efficient settlement of the partnership business, and the share of his decedent in such property correctly ascertained, and faithfully accounted for and paid over to him, without unreasonable delay. But in such case the surviving partner is not liable to an action by the administrator, as a general rule, until demand has been made for a settlement and refused; and where such demand is necessary it should be averred in the complaint.

We are of opinion, however, that the rule declared in the cases cited has no application to the case made by the averments of appellee's complaint. In those cases the assets of

the partnership were the matter in controversy, and the suits were brought to recover the shares of deceased partners in such assets; while, in the case at bar, the assets of the partnership are not involved and have no possible connection with the appellee's cause of action. It is clear, therefore, that the authorities relied upon by the appellant's counsel are not in point upon the question of the sufficiency of appellee's complaint. *Dale* v. *Thomas*, 67 Ind. 570.

In his complaint the appellee averred that the debts of the partnership were all paid, and that the only remaining assets of the firm were the unsettled individual accounts of the partners; and he also stated, clearly and explicitly, the nature and extent of the firm's indebtedness to him, the proportions of such indebtedness to be borne by the several members of the firm, and the specific amount thereof each of the other members of the firm was liable for to him. This, we think, was sufficient, without an averment of demand before suit brought.

Appellant's counsel also claim that the complaint was bad on the demurrer thereto, because it appeared therefrom " that the appellee, at the time of bringing the action, had acquired the several interests of the other members of the firm, and was, at that very time, in the possession and enjoyment of the property of the firm." Counsel say : " By acquiring the sole ownership of the property, appellee's equitable lien became merged in the fee simple, and, unless there was some express agreement upon the part of his copartners to pay any deficiency, it must be deemed to be satisfied by the property itself." This argument of counsel does not meet the entire case made by appellee's complaint, but only so much thereof as sought a decree giving his equitable lien priority over the lien of the mortgage executed by Harris to the appellant. It is certain, we think, that this question is not presented here by the ruling below on appellant's demurrer to the complaint. For, whether the appellee was or was not entitled to a decree giving his equitable lien priority over the appellant's mortgage,

the complaint clearly showed by its allegations of fact that appellant was indebted to the appellee in a certain sum of money on a certain account. The complaint was sufficient, therefore, to withstand the demurrer thereto for the want of facts, even though it failed to show that appellee was entitled to all the relief demanded. *Teal* v. *Spangler*, 72 Ind. 380; *Decker* v. *Gilbert*, 80 Ind. 107; *Boyd* v. *Olvey*, 82 Ind. 294; *Marquess* v. *LaBaw*, 82 Ind. 550.

Our conclusion is that the court did not err in overruling appellant's demurrer to appellee's complaint.

The next error relied upon by the appellant's counsel for the reversal of the judgment below is the overruling of the motion for a new trial. In this motion the following causes were assigned for such new trial:

1. Error of the court in admitting in evidence the copy of a judgment and decree of the Elkhart Circuit Court, in an action wherein the appellant was plaintiff and the appellee and others were defendants;

2. Error of the court in admitting in evidence, over the appellant's objections, the original pleadings in said cause from the Elkhart Circuit Court;

3. The finding of the court was contrary to law;

4. The finding of the court was contrary to the evidence;

5. The damages were excessive; and,

6. The finding was not sustained by sufficient evidence.

To appellee's complaint the appellant answered in three paragraphs, of which the first was a general denial. In the second paragraph of his answer the appellant alleged, in substance, that, on the — day of ———, 18—, he sold and assigned all his interest in and to all outstanding claims due to the firm of Anderson, Harris & Co., consisting of notes and accounts, and all of his interest in the personal property belonging to said partnership, to Joseph Harris and the appellee; that appellant further agreed that John W. and Samuel Stettler should convey directly to appellee and Joseph Harris the real estate on which the mill was situated, which was done

accordingly, and the appellee and Harris became the owners, thereof in fee simple, by warranty deed from the Stettlers, with all the appurtenances thereto belonging; that, at the time of such conveyance, it was agreed by and between appellee Harris, and appellant, that appellee and Harris would assume and pay all debts of the firm of Anderson, Harris & Co., includ- ing the identical debts mentioned in appellee's complaint; that at the time of such sale the claims stated in such com- plaint were to be paid by appellee and Harris, and the ap- pellant was to be fully discharged and released therefrom; that the claim for wheat, mentioned in the complaint, is for wheat purchased by appellee and by him put into the mill and ground into flour, and appellee took such flour and sold the same, and converted the proceeds of the sale to his own use, and appellant had nothing whatever to do with the same, and never received any of the proceeds thereof, and was not chargeable therewith; and he denied that any decree was rendered upon any valid issue in the foreclosure suit, that ap- pellee held a lien on said property, as averred in the com- plaint. Wherefore, etc.

In the third paragraph of his answer the appellant said that, on the — day of ———, 18—, the said Joseph Harris, sold and conveyed unto appellee all his interest in and to the firm's mill property and premises; that, at that time, it was understood and agreed by and between the parties, that ap- pellee was to pay all debts of the firm of Anderson, Harris & Co., including the identical claims in the complaint men- tioned; and that Harris and the appellant were to be fully re- leased and discharged therefrom; that appellee was to have all grain on hand and was to pay for the same, as well as all debts contracted and incurred in the erection and building of said mill and in the running and repairs thereof.

To these special paragraphs of answer the appellee replied in two paragraphs. The first was a general denial. In his second reply the appellee admitted that, on the — day of ———, 187—, the appellant sold and assigned all his interest in the

partnership property to Joseph Harris, and he said that to se-
cure the payment of the price agreed to be paid for such in-
terest, the said Harris executed a mortgage to appellant upon
the undivided two-ninths of the real estate theretofore owned
by the firm ; that afterwards, when the mortgage debt of Har-
ris to appellant became due, to wit, on the 5th day of March,
1878, the appellant commenced an action in the Elkhart Cir-
cuit court to foreclose such mortgage ; that appellee was made
a defendant in such action, to answer as to any interest he
might have or claim in and to such partnership real estate so
mortgaged ; that, upon issues duly made in such action, it then
became a question between appellee and appellant, whether or
not the appellee assumed the payment of said partnership
debts, and whether or not the appellee was entitled to hold
an equitable lien on the partnership real estate for any in-
debtedness due him from appellant, and it also became a ques-
tion in said cause whether, at the time appellee purchased the
interest of said Harris, he assumed the payment of the debts
of the firm of Anderson, Harris & Co.; and the appellee
averred that, by the consideration and judgment of the Elk-
hart Circuit Court, then duly had and rendered at its May
term, 1878, it was adjudged and decreed that the appellee had
not assumed the payment of said debts, and that he was en-
titled to hold a lien on the partnership real estate for the bal-
ance due him, as the same might be made to appear on final
settlement of their accounts, which judgment remained in
full force.    Wherefore appellee said that appellant was es-
topped from again litigating said questions.

With this statement of the case, as made by the pleadings
of the parties, we proceed now to the consideration and deci-
sion of the questions presented and discussed by counsel, and
arising under the alleged error of the court in overruling the
motion for a new trial.    We may premise that the evidence
adduced upon the trial of the cause is not found in the tran-
script of the record.    There is a bill of exceptions in the
record which purports to contain some evidence introduced

on the trial, and some rulings of the court in relation thereto; but the bill shows upon its face that it does not contain "all the evidence given in the cause."

The appellant's counsel claim that the trial court erred in admitting in evidence a certified copy of the order-book entry of the judgment and decree of the Elkhart Circuit Court, in the appellant's foreclosure suit against Joseph Harris and others. Appellant's first objection to the admission in evidence of the copy of the judgment and decree was that it was not certified by the clerk of the court, in conformity with the requirements of the statute. It is provided by law that copies of records shall be proved or admitted as legal evidence by the attestation of the keeper of such records that the same are "true and complete" copies thereof. Civil Code 1852, sec. 283; sec. 462, R. S. 1881. The copy given in evidence by appellee in this case was certified by the proper clerk to be a "full, true and correct" copy; and this, we think, was in substantial compliance with the statute. We do not regard the words "true and complete" as technical; and the words "full, true and correct" are certainly equivalent in meaning to the words of the statute.

Appellant also objected to the admission in evidence of the copy of the judgment and decree, because such copy did not contain copies of all the pleadings and proceedings in such foreclosure suit. We do not think this objection is well taken. The certified copy was competent evidence of all it contained, and nothing more. It might be true that if the other proceedings of the court and the pleadings in the cause were not supplied and given in evidence the mere copy of the judgment and decree would not be sufficient evidence, but it would be none the less competent as evidence for whatever it might be worth. *Gale* v. *Parks*, 58 Ind. 117. The other proceedings and pleadings in the cause may have been supplied by other competent evidence, and, as the contrary is not shown by the record, we would be bound to presume, if necessary, in aid of the judgment below, that such other evidence was introduced.

Anderson *v.* Ackerman.

The only other objection to the ruling of the court admitting in evidence the certified copy of the judgment is that it did not appear that the judge of the Elkhart Circuit Court had ever signed the entry of such judgment. In section 22 of the act of June 1st, 1852, providing for the organization of circuit courts, etc. (2 R. S. 1876, p. 10; sec. 1330, R. S. 1881), it was and is provided that no process shall issue on any judgment or decree of the court until it shall have been publicly read in open court and signed by the judge. It does not follow, however, from this provision, that the judgment is invalid, or that a certified copy thereof is not competent evidence, because it does not appear or is not shown that the entry of such judgment has been signed by the proper judge. This precise question was before this court in *Adams* v. *Lee,* 82 Ind. 587. In that case it was contended that the trial court had erred in admitting in evidence a transcript of a judgment, because it did not appear that the proceedings had been signed by the judge of the court in which the judgment was rendered. This court said: " Where a transcript of a judicial record of a court of general jurisdiction, is properly certified by the authorized officer, the presumption is that the proceedings were regular, and that the judge discharged his duty by signing the record at the close of the day's proceedings. This is plainly so upon principle, and is expressly declared to be the law in *Scott* v. *Millard,* 10 Ind. 158."

Our conclusion is that there is no error in the admission in evidence, over the appellant's objections, of the certified copy of the entry of judgment, available for the reversal of the judgment below in the case at bar.

On the trial of this cause the appellee introduced J. A. S. Mitchell, Esq., as a witness in his behalf, who testified, substantially, as follows: " The papers I now here produce, as counsel for plaintiff, are the original complaint, cross complaint, answers and replies, in the cause in which the judgment and decree, just read in evidence, were rendered; I procured them from the office of the clerk of the Elkhart Circuit

Court; I was counsel for said James G. Ackerman in said cause, and wrote his cross complaint and answer therein, and am able to and do identify these papers as the original pleadings in said cause, and the pleadings upon which said decree was rendered; and I also identify and testify that the copy of the record, just read in evidence, is a copy of the original decree rendered by the Elkhart Circuit Court; but I have never compared this copy with the original record of said judgment and decree, so as to testify that it is an examined copy."

Upon the foregoing testimony, and "no other evidence to identify said papers or said record," the appellee offered, and the court, over appellant's objections and exceptions, admitted such original pleadings in evidence.

Appellant's counsel earnestly insist that the trial court erred in the admission of these pleadings in evidence. The objections urged to the evidence were that the pleadings belonged to the files of the Elkhart Circuit Court, and could not be used as evidence in any other court; and that it was not competent to prove a record by introducing a certified copy of the decree and the original pleadings, but, if the original pleadings were introduced, the original record entries must also be introduced. We do not think that either of these objections to the offered evidence was well taken. If the pleadings in question were or would have been competent evidence in the Elkhart Circuit Court, about which a doubt, even, is not suggested, we can not conceive of any good reason why they should not have been equally competent in the court below. Possibly, it might be more difficult to identify the pleadings in the latter than in the former court; but, when once identified, their competency as evidence could hardly depend upon the court or locality in which they were offered. If a certified copy of a record or pleading is competent evidence, the original record or pleading must, also, be competent evidence. *Miller* v. *State, ex rel.*, 61 Ind. 503; *Reed* v. *Whitton*, 78 Ind. 579.

Upon the evidence introduced, identifying as it did the pleadings offered by appellee and admitted by the court, as

" the pleadings upon which the decree was rendered," we can not say that error was committed by the court in the admission of such evidence, which would authorize or require the reversal of the judgment. While this is so, however, we have not been favorably impressed with, and do not fully approve, the manner in which appellee. has put in evidence the existence and contents of the judgment and decree in appellant's foreclosure suit. The withdrawal of original papers from the proper clerk's office, to be used as evidence in the courts of another county, can not be approved or commended; but if such papers are competent evidence, irregularity in their procurement would not render them incompetent or their admission in evidence erroneous.

Appellant's counsel also claim that the finding of the court was against the evidence, and that the damages were excessive. Neither of these questions can be considered here, in the absence of the evidence, which, as we have seen, is not in the record. *Brownlee* v. *Hare,* 64 Ind: 311 ; *Morris* v. *Stern,* 80 Ind. 227 ; *French* v. *State, ex rel.,* 81 Ind. 151.

The only point made by appellant's counsel, upon the alleged error of the court in its conclusions of law, is that it was not found, as a fact, that, before suit brought, appellee had demanded a settlement of the matters in controversy. We have already decided that it was not necessary that appellee should have made or averred such demand in the case at bar ; and, where such averment is unnecessary, it can not be claimed that appellee must prove, or the court must find, that such demand was made before the bringing of the suit. *Trimble* v. *Pollock,* 77 Ind. 576.

We are of opinion that the supposed errors, of which appellant complains in this case, are none of them such as would justify the reversal of the judgment.

The judgment is affirmed, with costs.