## COLLIER ET AL. *v.* COLLIER ET AL.

[No. 18,356. Filed April 8, 1898.]

EVIDENCE.—*Omission of Proof Essential to a Recovery.—Appeal.*— Where the party in whose favor judgment was rendered omitted proof essential to a recovery, that fact is no reason for reversal if the adverse party in his evidence supplied the omission. *p. 277.*

JUSTICE OF THE PEACE.—*Transcript of Judgment.—Certificate.*—The certificate to a justice's transcript was as follows: "I hereby certify that the above and foregoing is a true and correct copy, as appears of record on my docket, together with the costs taxed at," etc. *Held*, that the certificate was sufficient. *pp. 277, 278.*

From the Newton Circuit Court. *Reversed.*

*Foltz, Spitler & Kurrie, T. B. Cunningham* and *Frank A. Comparet*, for appellant.

. *Cummings & Darroch*, for appellees.

HACKNEY, J.—This was a suit by Charles Collier against Elwood C. Collier, George Pierce, and others, to foreclose a real estate mortgage, executed by Elwood C. Collier and wife to said Charles Collier. Pierce, it was alleged in the complaint, claimed some interest in said real estate, which was adverse, but junior, to the mortgage, and he was made a defendant,

Collier *et al. v.* Collier *et al.*

to answer as to any interest claimed by him. Pierce relied upon a purchase of the property under an execution issued upon the transcript of a judgment rendered before a justice of the peace against Elwood C. Collier, and filed in the office of the clerk of the circuit court.

An assignment of error calls in question the action of the trial court in sustaining a demurrer to the amended second paragraph of the answer of Pierce. No such pleading is found in the record, and cannot, therefore, present any question for decision. It is shown by the record that an answer in two paragraphs was filed; that a motion to separate the second paragraph into two paragraphs was filed and sustained; and that thereafter an answer in two paragraphs was filed as an original answer, and to all appearances for the purpose of obviating the ruling which required the second paragraph of answer, as first filed, to be separated.

The only other assignment discussed by counsel is that upon the overruling of the motion of Pierce for a new trial. The issues formed included a cross-complaint by Pierce to quiet his title under said purchase. The first contention, upon the motion for a new trial, is that the appellee rested his evidence without proof to the allegation that appellant claimed an interest in the real estate adverse to the mortgage. The case, so far as questions upon the evidence are concerned, comes to this court upon the whole evidence and, if the appellee omitted proof essential to a recovery, that fact is no reason for reversal, if the appellant, in his evidence, supplied the appellee's omission, as was the case here.

The next contention is that the trial court erred in excluding, as evidence, the transcript of the justice of the peace upon which the execution supporting

appellant's deed was issued.    The objection sustained
by the trial court was that the certificate of the justice,
attached to the transcript, was not sufficient.    It was
as follows: "I hereby certify that the above and fore-
going is a true and correct copy, as appears of record
on my docket, together with the costs taxed at," etc.,
dated and signed.    That which preceded the certifi-
cate exhibited a complete proceeding and judgment
against Elwood C. Collier, and the certificate im-
presses it as a "true and correct copy."

The statute, section 624, Burns' R. S. 1894, requires
the justice "to make out and certify a true and com-
plete transcript of the proceedings and judgment."
This statute does not prescribe the form of certificate
to be made in such cases.    It but requires that the
justice shall "certify a true and complete transcript of
the proceedings and judgment."    "A true and correct
copy" is the equivalent of "true and complete tran-
script."    A copy is a transcript and it could not be
"true and correct" if it were incomplete.    *Walker* v.
*Hill*, 111 Ind. 223; *Anderson* v. *Ackerman*, 88 Ind. 481.
Under an early statute, R. S. 1838, p. 375, requiring
the certification of a transcript of the proceedings and
judgment, to bind real estate, it was held that a cer-
tificate that "the above" is "a true transcript from
my docket" was sufficient.    *Wiley* v. *Forsee*, 6 Blackf.
246.    See, also, in support of this conclusion, *Whitney*
v. *Mills*, 6 Blackf. 545; *Ward* v. *Hazlerigg*, 7 Blackf.
46; *Brown* v. *McKay*, 16 Ind. 484.

The court, in *Wiley* v. *Forsee, supra,* looked into the
record, and saw that that certified as a "true tran-
script" was complete, and indulged no presumption
that it was less than a complete copy.    It was error
for the lower court to exclude the evidence, and the
judgment is reversed.