(79 South. 768)

HALL v. INGRAM LAND CO.     (7 Div. 518.)

(Court of Appeals of Alabama.     June 4, 1918.
Rehearing Denied Oct. 8, 1918.)

APPEAL AND ERROR ⬤⟳529(1)—RECORD—NECESSITY OF SHOWING JUDGMENT.

Where record discloses no judgment that will sustain an appeal, an order dismissing appeal will not be set aside.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Action between Mrs. Josie Hall and the Ingram Land Company. Appeal by former having been dismissed she moves to set aside the order of dismissal. Motion overruled.

J. A. Johnson and Hunt & Wolfes, all of Ft. Payne, for appellant. Carl D. Coker, of Birmingham, for appellee.

PER CURIAM. The appeal in this case was dismissed on motion of the appellee, June 4, 1918, and on June 13th a motion was submitted to set aside the order of dismissal. An examination of the record discloses no judgment that will sustain an appeal, and this necessitates the overruling of the motion to set aside the order of dismissal.

Motion overruled.

⸻

(79 South. 768)

CRAUT v. STATE.     (6 Div. 418.)

(Court of Appeals of Alabama.     June 29, 1918.
Rehearing Denied Oct. 8, 1918.)

1. CRIMINAL LAW ⬤⟳807(1)—ARGUMENTATIVE INSTRUCTIONS.

Argumentative instructions are properly refused.

2. CRIMINAL LAW ⬤⟳829(1)—REQUEST COVERED BY CHARGE.

Requested instructions, clearly covered by the charge given, are properly refused.

Appeal from Circuit Court, Jefferson County; Wm. E. Fort, Judge.

Monroe Craut was convicted of assault with intent to ravish, and he appeals. Affirmed.

William Vaughan, Smith & McCary, and Thomas Roe, all of Birmingham, for appellant. F. Loyd Tate, Atty. Gen., for the State.

BROWN, P. J. The defendant was convicted of the offense of assault with intent to ravish. There was evidence which, if believed, tends to sustain the verdict of the jury. The only questions presented arise from the refusal of certain special charges requested by the defendant.

Charge 1, the affirmative charge, was properly refused. The question of the defendant's guilt, under the evidence, was for the jury.

[1, 2] Charges 2, 7, and 8 were all argumentative, and were properly refused for that reason. Moreover, the propositions which these charges undertake to state were clearly covered by the oral charge of the court and the charges given at the request of the defendant.

We find no reversible error in the record. Affirmed.

⸻

(79 South. 805)

LEE v. STATE.     (4 Div. 561.)

(Court of Appeals of Alabama.     June 29, 1918.
Rehearing Denied Oct. 8, 1918.)

1. STATUTES ⬤⟳141(2)—RE-ENACTMENT—SETTING OUT AT LENGTH.

Acts 1915, p. 862, re-establishing county courts, is not violative of Const. § 45, providing that laws re-enacted, amended, or extended shall be set out at length.

2. CRIMINAL LAW ⬤⟳655(5)—TRIAL—ANNOUNCEMENT OF JUDGE.

Announcement by trial judge in open court during closing argument of state's solicitor that further argument was unnecessary, as he would give general charge for state, which he correctly gave, was not error.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

T. J. Lee was convicted of practicing dentistry without a license, and he appeals. Affirmed.

The facts were without dispute that defendant had practiced dentistry without a license, making charges therefor, and that he had not received a license from the State Board of Dental Examiners, nor was there such a license on file in the office of the judge of probate of Barbour county.

McDowell & McDowell, of Eufaula, for appellant. F. Loyd Tate, Atty. Gen., for the State.

SAMFORD, J. [1] Two questions are presented for review. The first: Is the law re-establishing county courts (Acts 1915, p. 862) void as being enacted in violation of section 45 of the Constitution? So far as this court is concerned, this question is settled adversely to appellant in the case of State ex rel. Garrett v. Torbert, 200 Ala. 663, 77 South. 37.

[2] Second. Both the state and defendant requested of the court in writing the giving of the general affirmative charge. After the opening argument by the solicitor and the argument by defendant's counsel, the solicitor began his closing argument, whereupon the court told the solicitor in the presence and hearing of the jury that further argument was unnecessary, as he would give the charge as requested in writing by the state. To this statement of the court the defendant reserved an exception. The announcement by the judge in open court that he would give the general charge for the state, which he correctly gave, was not error.

There is no error in the record, and the judgment is affirmed.

Affirmed.

⸻

⬤⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes