133 So.2d 509

**James B. SMITH**

v.

**Marjorie W. STEWART.**

**6 Div. 773.**

Court of Appeals of Alabama.

Oct. 3, 1961.

Hare, Wynn & Newell, Birmingham, for appellant.

Chas. A. Stewart, Jr., Huie, Fernambucq & Stewart, Birmingham, for appellee.

CATES, Judge.

Smith, who was plaintiff below, appeals from a judgment denying his motion for new trial. The record on appeal was filed here August 2, 1960. It should have been here August 1.

The record before us contains no order of the trial judge which would have the effect of "extending the time for filing transcript," nor has such an order been filed separately in this court. Nor has any request for extension been made to us.

Mrs. Stewart moved, on August 30, that we (1) strike the "transcript of evidence," and (2) dismiss the appeal and affirm the judgment of the lower court. Mrs. Stewart assigned as grounds the failure to file the "transcript" with the Clerk of the Court of Appeals within the time provided by law, i. e., Supreme Court Rule 37.

As answer to the motion to strike, on September 21, 1960, Smith filed in this court the following:

1) A statement that the circuit clerk mailed the transcript to the Court of Appeals July 28.

2) An affidavit by the transcript clerk in the circuit clerk's office as to the details of the mailing and that this was "the first occasion [in her recollection] * * * that [a transcript] was not so delivered." Presumably this matter was adduced to show effective compliance.

The relevant part of Supreme Court Revised Rule 37, as amended (261 Ala. xxxiii and 263 Ala. xxi), reads:

"* * * Where bills of exceptions have been abolished, the transcript of the record shall be filed in this court within sixty days after the transcript of the evidence has been established in the court below. * * *"

In Chestang v. State, 40 Ala.App. 169, 109 So.2d 733, 735, the motion to strike was granted as to a transcript filed on the sixty-first day: "We * * * have no authority to read * * *. 'sixty' * * * to be * * * 'sixty-one.'"

The postman is the sender's agent. Moreover, the postal regulations, 39 C.F.R. § 43.6(a), recognize the sender's right to recall mail.

Filing with (and not mailing to) the clerk of the appellate court within the prescribed period is what the Rule goes by. The delay may even then be treated as nugatory if the appellant applies to this court for an extension before submission. City of Athens v. Cook, 269 Ala. 364, 113 So.2d 133.

However, we do not consider, as a matter of law, that the appellant's "Answer" to the motion to strike can fairly be treated as an application for extension of time.

When the appellant has filed his record late without excuse or extension, Rule 37, supra, confers on the appellee the right to have the record stricken with consequent dismissal of the appeal. This right, however, may be waived. Mitchell v. Austin, 266 Ala. 128, 94 So.2d 391; State for Use of Russell County v. Fourth Nat. Bank, 270 Ala. 135, 117 So.2d 145.

We see nothing incongruous in an appellee's choosing to waive part of the right if the request presents a divisible operation and is not frivolous. Thus we

can envisage that our Supreme Court might consider the ten per cent penalty under Code 1940, T. 7, § 814, as amended, not to be assessable where an appeal is dismissed. Then it would certainly be advantageous for an appellee to waive having the entire record stricken and merely move the court to strike the transcript of the evidence and ask for an affirmance on the amputated record.

Accordingly, the transcript of the evidence will be stricken in accordance with the appellee's motion. The record proper has been reviewed to the extent permitted by the assignments of error. Nevertheless, since the presumption in favor of the trial judge's ruling on the motion for new trial falls under the principles enunciated in Cobb v. Malone, 92 Ala. 630, 9 So. 738, the judgment below is due to be

Affirmed.