157 So.2d 808

**MID–STATE HOMES, INC.**

v.

**Johnnie PEOPLES et al.**

6 Div. 955.

Court of Appeals of Alabama.

Nov. 12, 1963.

R. A. Norred, Birmingham, for appellant.

Bill Fite, Hamilton, for appellees.

CATES, Judge.

Appellee has moved us to dismiss the appeal, citing, among others, the following grounds:

"1. The Transcript of the Record does not contain the final judgment."

"3. The Transcript of the Record was not filed in this Court within sixty days after the Transcript of the Evidence was established in the Court below."

"5. The Transcript of the Record contains no Certificate of the Clerk of the Court from which this appeal comes that it is a complete transcript of all the proceedings, in this cause, in the lower Court."

All of these grounds are well taken.

Ground 1 evokes Hall v. Ingram Land Co., 16 Ala.App. 548, 79 So. 768; Hall v. Cannon, 9 Port. 274; Wagnon v. Keenan, 77 Ala. 519; Mason v. McClain Funeral Home, 271 Ala. 93, 122 So.2d 519. The certificate of appeal makes no reference to the judgment on motion for new trial.

As to ground 3, we point out that the uncertified record before us shows a typed order of the judge settling the transcript. This order was made and filed with the clerk on March 14, 1963.

Under Supreme Court Rule 37, as amended (second sent.), the appellant had sixty days after March 14, 1963, to file the transcript of the record in this court. Hence, the filing on May 15 was too late.

No extension of time was sought, either at nisi prius or from this court. See third, fourth and fifth sentences, Rule 37, supra; Relf v. State, 267 Ala. 3, 99 So.2d 216; Smith v. Stewart, 41 Ala.App. 385, 133 So.2d 509.

Ground 5 rests on Davis v. State, 13 Ala.App. 309, 69 So. 338, and Garrett v. McPherson, 23 Ala.App. 91, 121 So. 448. Code 1940, T. 7, § 767; Supreme Court Rule 24.

Motion granted; record stricken; appeal dismissed.