177 So.2d 922

**Wilson JAMES**

v.

**STATE.**

2 Div. 121.

Court of Appeals of Alabama.

March 30, 1965.

Rehearing Denied May 4, 1965.

Orzell Billingsley, Jr., Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and W. Mark Anderson, III, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Prior to the submission of this case, the Attorney General filed a motion to strike the record on the ground that "there is no proper authentication of the record proper in this cause."

Tit. 7, Sec. 767, Code 1940, provides, in part, that the transcript shall include the clerk's "certificate that it is a complete transcript of all the proceedings in the cause."

Supreme Court Rule 24 incorporates this requirement of Section 767, since it calls for inclusion in the transcript of "the certificate of the clerk to the correctness of the transcript."

An appeal will be dismissed if the transcript does not contain a certificate of the clerk of the court from which the appeal is taken that it is a complete and correct transcript. Mid-State Homes, Inc. v. Peoples, 42 Ala.App. 182, 157 So.2d 808; Garrett v. McPherson, 23 Ala.App. 91, 121 So. 448; Davis v. State, 13 Ala.App. 309, 69 So. 338.

On page 18A of the transcript in the instant case, there appears the following:

"CLERK'S CERTIFICATE

I, Mary C. Yarbrough, Clerk of the Circuit Court of Greene County, Alabama, hereby certify that the pages numbered 1A–17A, inclusive, are correct procedures in Case No. 973A, The State of Alabama vs. Wilson James; and that pages numbered 1–36, inclusive is the transcript of the trial of this cause prepared by Laura W. Drinkard, Official Court Reporter of the 17th Judicial Circuit of Alabama. Witness my hand this 21st day of September, 1964.

/s/ Mary C. Yarbrough
Clerk of the Circuit Court of
Greene County, Alabama"

By certifying that certain pages of the transcript are "correct procedures," the clerk of the circuit court does not certify that those pages are a complete and correct transcript of all the proceedings in the cause.

The Attorney General's motion is well taken.

Motion granted; record stricken; appeal dismissed.