215 So.2d 440

Kenneth **CANTRELL**

v.

**STATE** of Alabama.

6 Div. 345.

Supreme Court of Alabama.

March 14, 1968.

Rehearing Denied Nov. 21, 1968.

Beddow, Embry & Beddow, Birmingham, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

## 226

LAWSON, Justice

The record in this case was filed in this court on May 26, 1966. On August 15, 1966, the Attorney General filed a "Motion to Strike the Transcript of the Record on Appeal, Transcript of the Evidence, and to Dismiss the Appeal." The motion bears a certificate signed by an Assistant Attorney General to the effect that a copy of the motion was mailed to counsel for appellant on August 15, 1966.

The motion was based on three grounds: (1) For that the transcript of the evidence was not filed with the Circuit Clerk within the time allowed by law; (2) for that the transcript of the record was not filed with the Clerk of this court within the time allowed by law; and (3) for that there is no certified authentication of the record by the Clerk below as required by law.

▮ The cause was "Argued and Submitted on Motion and on Merits" on December 8, 1966. At the time of submission the Attorney General did not file a brief in support of the motion and appellant did not file a brief in opposition to the motion. Such briefs were, of course, not necessary to a lawful submission.

The writer of this opinion subsequently requested the Attorney General to file a brief in support of the motion. Such a brief was filed on January 26, 1968, and it appears by certificate that a copy of the brief was mailed to counsel for appellant on January 26, 1968.

On March 8, 1968, counsel for appellant filed two motions in this court; one seeks to have us strike the brief filed by the Attorney General on January 26, 1968, the other seeks an order setting aside the submission.

▮ The motion to strike the brief filed by the Attorney General on January 26, 1968, is, of course, denied. That brief was filed at our request. Such a request is not unusual. And, of course, counsel

for appellant had the right to file a reply brief. The failure of the Attorney General to file a brief in support of the motion at time of submission did not constitute a waiver of the motion.

▮ The motion to set aside the submission is also denied. Counsel for appellant, according to the certificate attached to the motion, was advised on or about August 15, 1966, that the State through its Attorney General was contending that there were defects in the record which would require a dismissal of the appeal. But apparently no action was taken by counsel for appellant prior to submission to check the record to determine if such defects did, in fact, exist and, if so, to take corrective action if such was available.

The motion to set aside the submission, as we understand it, concedes that the record is defective and contains this statement: "Knowledge of the imperfection was not known to the appellant until the filing of the supplemental brief by the appellee on to-wit January 26, 1968."

▮▮ We cannot accept this statement as justifying an order setting aside the submission. Where an appeal is taken the appellant becomes responsible for the record on appeal to the extent of seeing that it is a correct record. Henry v. Jackson, 279 Ala. 225, 184 So.2d 133; Northwestern Mutual Life Ins. Co. v. Mrs. Vivian W. Workman, 283 Ala. 127, 214 So.2d 690.

We pretermit consideration of the first two grounds of the Attorney General's motion, inasmuch as the third ground is well taken and disposes of this appeal.

Section 767, Title 7, Code 1940, provides in part that the transcript shall include the clerk's "certificate that it is a complete transcript of all the proceedings in the cause."

Supreme Court Rule 24 incorporates this requirement of § 767, Title 7, supra, since it calls for inclusion in the transcript of "the certificate of the clerk to the correctness of the transcript."

It has been held that an appeal will be dismissed if the transcript does not contain a certificate of the clerk of the court from which the appeal is taken that it is a complete and correct transcript. James v. State, 42 Ala.App. 665, 177 So.2d 922, and cases cited; cert. denied, 278 Ala. 409, 177 So.2d 924.

 We have been unable to find in this record a certificate as is required by § 767, Title 7, supra, and by Supreme Court Rule 24. It follows that the Attorney General's motion is well taken.

Motion granted; record stricken; appeal dismissed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.