267 So.2d 451

**Norris Lee NORTON**

v.

**Judith D. NORTON.**

**7 Div. 41.**

Court of Civil Appeals of Alabama.

April 5, 1972.

Rehearing Denied May 10, 1972.

Charles M. Scott, Ft. Payne, for appellant.

Traylor, Baker & Cole, Ft. Payne, for appellee.

BRADLEY, Judge.

The appeal to this court is from a final decree of the Circuit Court of DeKalb County, in Equity, granting a divorce and other relief to appellee.

The appellee filed in this court prior to submission, a motion to dismiss the appeal on the ground, among others, that the certificate of the Register does not comply with Title 7, Section 767, Code of Alabama. 1940, as Recompiled 1958.

The Register's certificate, found on pages 47 and 48, recites that:

" . . . the foregoing pages from number 1 to number _____ both inclusive, contains a true and correct copy of the record . . . "

Title 7, Section 767, supra, provides, in pertinent part, as follows:

"The register, . . . must . . . make and deliver . . . a full and.

complete transcript of the record and proceedings in the case, . . . . with his certificate that it is a *complete* transcript of all the proceedings in the cause, . . . ." (Emphasis added.)

 In the cases of Mid-State Homes, Inc. v. Peoples, 42 Ala.App. 182, 157 So.2d 808, and Campbell v. State, 42 Ala.App. 545, 171 So.2d 125, the Court of Appeals held that where there was a non-compliance with Section 767, supra, the appeal, on proper motion, will be dismissed. Also see James v. State, 42 Ala.App. 665, 177 So.2d 922.

In Cantrell v. State, 283 Ala. 225, 215 So.2d 440, the Supreme Court said:

"Section 767, Title 7, Code 1940, provides in part that the transcript shall include the clerk's 'certificate that it is a complete transcript of all the proceedings in the cause.'

"Supreme Court Rule 24 incorporates this requirement of § 767, Title 7, supra, since it calls for inclusion in the transcript of 'the certificate of the clerk to the correctness of the transcript.'

"It has been held that an appeal will be dismissed if the transcript does not contain a certificate of the clerk of the court from which the appeal is taken that it is a complete and correct transcript. James v. State, 42 Ala.App. 665, 177 So.2d 922, and cases cited; cert. denied, 278 Ala. 709, 177 So.2d 924.

"We have been unable to find in this record a certificate as is required by § 767, Title 7, supra, and by Supreme Court Rule 24. It follows that the Attorney General's motion is well taken.

"Motion granted; record stricken; appeal dismissed."

It has also been held that where the certificate contains the word "full" and does not contain the word "complete" the requirements of Section 767, supra, have been satisfied because the words "full" and

"complete" as used in Section 767 are synonymous and the inclusion of one and the omission of the other meets the demands of said section of the Code. Foshee v. Mims, 279 Ala. 414, 186 So.2d 129.

Rule 24, Supreme Court Rules, provides, in part, that the clerk must certify to the "correctness of the transcript."

 The certificate of the register in the case at bar certifies to the "correctness" of the transcript, but not that it is "complete" nor "full."

A record could be correct yet not complete and it could also be complete yet not correct, and according to our interpretation of Cantrell v. State, supra, and the cases therein cited, the certificate must comply with Section 767, supra, and Rule 24, supra. There was no compliance with Section 767, supra, either by the inclusion of the word "full" or "complete." Consequently, the motion to dismiss the appeal must be granted.

Motion granted; appeal dismissed.