267 So.2d 452

In re Norris Lee **NORTON**

v.

**Judith D. NORTON.**

Ex parte Norris Lee Norton.

7 Div. 930.

Supreme Court of Alabama.

Sept. 7, 1972.

Charles M. Scott, Ft. Payne, for petitioner.

Traylor, Baker & Cole, Ft. Payne, for respondent.

McCALL, Justice.

On review by certiorari, we consider the judgment of the Court of Civil Appeals, dismissing the appeal of the petitioner, Norris Lee Norton, the respondent in this divorce suit on the ground that the transcript of record on appeal does not contain a certificate of the register in chancery of the court, from which the appeal was taken that it is a "complete" or "full," and "correct" transcript. That court relied upon Cantrell v. State, 283 Ala. 225, 215 So.2d 440; James v. State, 42 Ala.App. 665, 177 So.2d 922; Mid-State Homes, Inc. v. Peoples, 42 Ala.App. 182, 157 So.2d 808; Campbell v. State, 42 Ala.App. 545, 171 So.2d 125.

The condemned certificate of the register in this case certifies in part that the foregoing pages contain:

"* * * a true and correct copy of the record in the case styled:

JUDITH D. NORTON, APPELLANT

VS.

NORRIS LEE NORTON, APPELLEE

as the same appears of record in this Court.

"All of which I hereby certify to the Civil Appeals Court of the State of Alabama."

Thereafter follows the dated subscription by the register.

The relevant part of Tit. 7,. § 767, Code of Alabama, Recompiled 1958, provides as follows:

"The register * * * must * * * make and deliver to him [appellant] * * * a *full and complete* transcript of the record and proceedings in the case * * * with his certificate that it is a *complete* transcript of all proceedings in the cause * * *." (Emphasis added.)

Rule 24, Revised Rules of Practice in the Supreme Court, Appendix to Tit. 7, Code of Alabama, 1940, incorporates the requirement of § 767, Tit. 7, supra, since it calls for inclusion in the transcript of "* * * the certificate of the clerk to the correctness of the transcript. * * *." Cantrell v. State, 283 Ala. 225, 215 So.2d 440; James v. State, 42 Ala.App. 665, 177 So.2d 922, cert. denied 278 Ala. 709, 177 So.2d 924.

The Court of Civil Appeals granted the appellee's motion to strike the record and dismissed the appeal in this case, because the register's certificate to the transcript did not also certify that the record was "complete" or "full." There is a certificate of the register that the transcript contains a true and correct copy of the record.

In Cantrell v. State, 283 Ala. 225, 215 So.2d 440, this court dismissed the appeal. In that case there was not so much as a simulated certificate or an attempt to comply with Tit. 7, § 767 and Rule 24. The transcript simply contained no certificate of the clerk of the court concerning the record. Therefore, in *Cantrell,* the court could not have been speaking to a situation like the one now before us.

*Cantrell,* supra, and the opinion in the case now before us, both cite Foshee v. Mims, 279 Ala. 414, 186 So.2d 129, which holds that where the certificate includes the word "full" and omits the word "complete," if coupled with "true and correct," it meets the requirements of § 767, supra, because the word "full" and the word "complete" as used in § 767 are synonymous.

The *Cantrell* case, supra, also cites James v. State, 42 Ala.App. 665, 177 So.2d 922, and cases there cited, cert. denied 278 Ala. 709, 177 So.2d 924, as does the Court of Civil Appeals in the opinion in the instant case. *James,* supra, is cited for the same proposition, that an appeal will be dismissed, if the transcript does not contain a certificate of the clerk of the court from which the appeal is taken that it is a complete and correct transcript. However, the court in *James,* supra, was not speaking to the facts in this case, but to a different situation, for it there said:

"By certifying that certain pages of the transcript are 'correct procedures,' the clerk of the circuit court does not certify that those pages are a complete and correct transcript of all the proceedings in the cause."

The Court of Civil Appeals also cites Mid-State Homes, Inc. v. Peoples, 42 Ala. App. 182, 157 So.2d 808, and Campbell v. State, 42 Ala.App. 545, 171 So.2d 125. In those two cases the ground of the motion to dismiss was likewise that the transcript of record contains no certificate that it is a complete transcript of the proceedings in the cause. In *Mid-State Homes,* as in

*Cantrell,* supra, there was no clerk's certificate to the transcript of record, and in *Campbell,* supra, the certificate form had not been signed by the clerk or anyone else. The circumstances of each of those cases are different from those presented here.

In none of the cases that the Court of Civil Appeals relied upon, did the court have before it a certificate of the clerk to the transcript of record, utilizing the lone terminology "true and correct." There was either no certificate at all, or there was a certificate calling for a construction of phraseology different from that here. So the question before us is whether or not the language "true and correct" complies with the statute and the rule, § 767 of Tit. 7, and Supreme Court Rule 24. Alabama Courts do not appear to have ruled on the precise question. Having found no such cases in our research, we will have to decide the applicable legal principle.

Neither Code § 767 nor Supreme Court Rule 24 prescribes the form of certificate for the clerk to execute in such cases.

■ The expressions "complete and correct," "full, true and correct," "true and correct" and "true and complete" are not technical phrases or words. Anderson v. Ackerman, 88 Ind. 481. They are not limited to a technical import, as distinguished from their natural import, that is, the meaning which their utterance promptly and uniformily suggests to the mind—that which common use has affixed to them. 42 C.J.S. Import p. 407, note 43, citing People ex rel. Baxter v. Hallett, 1 Colo. 352, 359; People ex rel. Hughes v. May, 3 Mich. 598, 605. All of these expressions possess, in the use to which they are here put, the same common meaning. Such is the conclusion to be drawn from the opinions in the following cases.

In Butler v. Owen, 7 Ark. 369, 372, the court said:

"* * * In this case the clerk has certified at the bottom of the transcript 'that the foregoing three pages contain a true and correct transcript of the record of the proceedings in this cause as the same remains of record in my office.' Though the clerk does not say in words, he has given a full or complete transcript, yet the language he employs certainly implies that he has done so. 'A true and correct transcript of the record of the proceedings in this cause as the same remain of record in my office' assuredly imports a complete transcript. A true copy imports an entire copy. Edmiston vs. Schevartz [Schwartz], 13 Serg. & Rawle 131 [135]. A transcript of the record of a case ex vi termini, means a transcript of the whole. Voris vs. Smith, 13 Serg. & Rawle 334. Peck vs. Sale, 3 Miller's Law. Rep. 320, 323–4."

The court makes a similar observation in Walker v. Hill, 111 Ind. 223, 224, 12 N.E. 387, 388, where the opinion states:

"The appellees have filed a written motion to dismiss this appeal, upon the ground that the transcript of the record is not certified by the clerk below, in conformity with the requirements of section 462, R.S. 1881. The objection to the certificate is, that the clerk certifies the transcript to be a 'true and correct' copy, instead of 'true and complete,' in the language of the statute. In Anderson v. Ackerman, 88 Ind. 481, where the same objection was made to a certified transcript of a judgment offered in evidence, it was held that the words 'true and complete,' as used in the statute, cannot be regarded as technical; and the words 'true and correct,' as used in the clerk's certificate, are equivalent in meaning to the statutory words. * * *"

Again the Indiana Supreme Court in Collier v. Collier, 150 Ind. 276, 277, 49 N.E. 1063, 1064, said this about the meanings of the words:

"The next contention is that the trial court erred in excluding, as evidence, the transcript of the justice of the peace

upon which the execution supporting appellant's deed was issued. The objection sustained by the trial court was that the certificate of the justice, attached to the transcript, was not sufficient. It was as follows: 'I hereby certify that the above and foregoing is a true and correct copy, as appears of record on my docket, together with the costs, taxed at,' etc.,—dated and signed. That which preceded the certificate exhibited a complete proceeding and judgment against Elwood C. Collier, and the certificate impresses it as a 'true and correct copy.'

"The statute, [section 624, Burns' R.S. 1894,] requires the justice 'to make out and certify a true and complete transcript of the proceedings and judgment.' This statute does not prescribe the form of certificate to be made in such cases. It but requires that the justice shall 'certify a true and complete transcript of the proceedings and judgment.' 'A true and correct copy' is the equivalent of 'true and complete transcript.' A copy is a transcript, and it could not be 'true and correct' if it were incomplete. Walker v. Hill, 111 Ind. 223, 12 N.E. 387; Anderson v. Ackerman, 88 Ind. 481. * * *"

In construing the words of a statute, this court said, in Mobile Dry-Docks Co. v. Mobile, 146 Ala. 198, 208, 40 So. 205:

"'The words of a statute, if nothing appears to the contrary, should be so construed and understood as to give them their popular signification.' Favers v. Glass, 22 Ala. 621, 58 Am.Dec. 272; Wetumpka v. Winter, 29 Ala. 651, 660.

"Primarily—that is, in the absence of anything in the context to the contrary—common or popular words are to be understood in a popular sense, common-law words according to their sense in the common law; and technical words pertaining to any science, art, or trade, in a technical sense. Lewis' Sutherland on Statutory Constructions, § 389. And in the same work (section 390): 'As a general rule the words of a statute are to be taken in their ordinary and popular sense, unless it plainly appears from the context or otherwise that they were used in a different sense.' These are cardinal rules of construction supported alike by reason and authority. * * *"

■ "True" has been defined in Webster's Third New International Dictionary as: "* * * conformable to fact: in accordance with the actual state of affairs: not false or erroneous: not inaccurate * * * accurate in delineating or expressing the essential elements * * * describing actual events that happened * * * consistent with expectation or previous performance * * * genuine * * * regarded as essential to meeting a standard." A common synonym for the word "true" is "correct." Cook v. Dunbar, 66 R.I. 266, 18 A.2d 658, 663. It would follow that if the transcript is "true," it would also be "correct," "true" and "correct" being alike in import or significance. Both words have the common meaning of conforming to fact in the use to which they are here put, and might in such instances be used interchangeably.

■ We conclude therefore that if the transcript contains a true and a correct copy of the record of the proceedings, the transcript, which is a copy, must of necessity contain, embrace, or include a complete copy of the record, because any copy of the record less than a complete copy, placed in the transcript, would be a false and incorrect copy of the record.

■ The only other reason for objecting to the register's certificate is that she certifies therein to the correctness of a transcript in a case styled differently from that before the Court of Civil Appeals and now before this court.

The case reference is styled differently, but the case itself is not different. One and the same case only is involved. The register's certificate refers to the forego-

ing pages in the record, and looking at those foregoing pages reveals only the case wherein Norris Lee Norton appealed and Judith D. Norton did not appeal. The latter was the complainant in the court below, and Norris Lee Norton was the respondent. Throughout the transcript they are so referred to. The final decree was in favor of the complainant Judith D. Norton, and only Norris Lee Norton appealed by filing an appeal bond. Citation on appeal and the certificate of appeal disclose this, and only Norris Lee Norton assigned error on the record. There can be no conclusion from the context of the record that goes before the certificate but that the register certified the proper record, but improperly styled the case in her certificate to the transcript.

The error in transposing the names of the parties in the style of the case in the register's certificate to the transcript is therefore a self-correcting error and will be so considered by us.

The judgment of the Court of Civil Appeals is reversed and the cause remanded.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX and SOMERVILLE, JJ., concur.