Kenneth CANTRELL,
Petitioner-Appellant,

v.

STATE OF ALABAMA,
Respondent-Appellee.

No. 76-2163
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 4, 1977.

Rehearing and Rehearing En Banc Denied
Feb. 28, 1977.

Kenneth Cantrell, pro se.

William J. Baxley, Atty. Gen., Joseph G. Marston, III, Asst. Atty. Gen., Montgomery, Ala., for respondent-appellee.

Before GODBOLD, HILL and FAY, Circuit Judges.

GODBOLD, Circuit Judge:

This appeal requires application of the constitutional standards governing adequacy of representation by retained counsel, set out in *Fitzgerald v. Estelle*, 505 F.2d 1334 (CA5) (en banc), *cert. denied*, 422 U.S. 1011, 95 S.Ct. 236, 45 L.Ed.2d 675 (1975). The district court denied the writ of habeas corpus to appellant, a state prisoner. We reverse.

Appellant, represented by privately retained counsel, was convicted by an Alabama jury of first degree murder and was sentenced to life imprisonment in November 1965. The events of his merits appeal are described in *Cantrell v. State*, 283 Ala. 225, 215 So.2d 440 (1968), *cert. denied*, 394 U.S. 950, 89 S.Ct. 1290, 22 L.Ed.2d 485 (1969). The record was filed in the Alabama Supreme Court on May 26, 1966. On August 15, 1966, the Attorney General of

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Alabama filed a motion to strike the transcript of the record and to dismiss the appeal because the transcript was not certified by the clerk of the trial court as complete and correct.[1] The motion bore the signed certificate of an Assistant Attorney General that he had mailed a copy of the motion to Cantrell's counsel.[2]

The case was orally argued and submitted to the Alabama Supreme Court for decision on December 8, 1966. Neither the Attorney General nor counsel for Cantrell had filed a brief relating to the motion to dismiss. So far as the record before the Alabama Supreme Court revealed, Cantrell's counsel took no action prior to submission to check the transcript to see if the alleged defect was present and, if so, to take corrective action. After submission the Supreme Court, on its own volition, asked the Attorney General to file a brief on the motion to dismiss. The first action by Cantrell's counsel concerning the alleged defective transcript was in March 1967 when he filed motions to strike the Attorney General's brief on the motion to dismiss and to set aside the submission. The court denied Cantrell's motion to set aside the submission. It gave weight to the certificate of the Assistant Attorney General that on August 15 he had mailed to Cantrell's counsel a copy of the motion to strike and dismiss, which pointed out the fatal defect in the record. Adhering to its previous decisions,[3] the court granted the motion to strike and dismissed the appeal.[4]

Under *Fitzgerald* there are two types of constitutionally ineffective assistance of privately retained counsel. The first occurs when the proceeding is "fundamentally unfair," that is, the criminal justice system has so grossly malfunctioned that the state's subsequent imprisonment or fine of the defendant is a violation of due process. 505 F.2d 1336. Fourteenth Amendment state action is present, not because a state official knew or should have known the particulars of the unfairness but because the system has failed. We do not need to address this prong in the present case.

The critical language of *Fitzgerald* with respect to the second type of ineffectiveness of retained counsel is this:

> To find state involvement in retained counsel's conduct which is adjudged to be less than reasonably effective, yet not so grossly deficient as to render the proceedings fundamentally unfair, it must be shown that *some responsible state official connected with the criminal proceeding who could have remedied the conduct failed in his duty to accord justice to the accused.* That the trial judge and the prosecutor have such a capacity and duty is unquestionable. Therefore, if the trial judge or the prosecutor *can be shown to have actually known* that a particular defendant is receiving incompetent representation and takes no remedial action, the state action requirement is satisfied. If they directly participate in the incompetency, it is even more so. Furthermore, *if the incompetency of a retained attorney's representation is so apparent that a reasonably attentive official of the state should have been aware of and could have corrected it* then again the state action requirement is satisfied.

*Id.* at 1337 (emphasis added).

█ Failure of counsel to perfect an appeal is a denial of constitutionally effective counsel, *e. g., Arrastia v. U. S.*, 455 F.2d 736 (CA5, 1972), *Kent v. U. S.*, 423 F.2d 1050 (CA5, 1970) (failure to file notice of appeal), *Atilus v. U. S.*, 406 F.2d 694 (CA5, 1969).

1. As required by Tit. 7, § 767, Code of Alabama (1940).

2. Defense counsel told the Alabama Supreme Court that he did not receive a copy of the motion. This does not affect the outcome of the case before us.

3. *James v. Alabama*, 42 Ala.App. 665, 177 So.2d 922 (1965); *Thomas v. Alabama*, 43 Ala. App. 487, 192 So.2d 746 (1966); *Tidwell v. State*, 41 Ala.App. 296, 130 So.2d 206 (1961); *Davis v. State*, 13 Ala.App. 309, 69 So. 338 (1915).

4. Cantrell has exhausted his state remedies. The Alabama court denied collateral relief by decisions handed down prior to *Fitzgerald*.

*Malone v. Alabama*, 514 F.2d 77 (CA5), *cert. denied*, 423 U.S. 990, 96 S.Ct. 403, 46 L.Ed.2d 309 (1975), and *Kallie v. Estelle*, 515 F.2d 588 (CA5), *cert. denied*, 423 U.S. 1019, 96 S.Ct. 455, 46 L.Ed.2d 391 (1975), are post-*Fitzgerald* cases which recognized the duties of retained counsel with respect to appeals but denied relief because no responsible state officer either knew or should have known of counsel's derelictions.

In *Flanagan v. Henderson*, 496 F.2d 1274 (CA5, 1974), counsel failed to take an appeal based on bills of exceptions at trial, with the effect that the appeal record was limited to the minute entries made by the trial court clerk. We held that counsel's failure had substantially harmed, if not effectively thwarted, petitioner's appeal, and we reversed for determination of whether petitioner had waived the appeal on the full record.

■ Concerning the *Fitzgerald*-required proof of knowledge, the present case is as clear a case as one could have of knowledge by a responsible state official. The highest legal officer of the state, by a written motion, called to the attention of the Supreme Court and the appellant's retained counsel a defect which under Alabama law, if unremedied, would require that the appeal be dismissed without consideration of its merits. The Attorney General asked for and secured dismissal of the appeal because of the mistake.[5]

For almost four months, from around August 15, 1966, to oral argument and submission on December 8, 1966, the deficiency was remediable under the rules of practice then existent.[6]

Thus, counsel's ineffectiveness was of constitutional dimension, and a responsible state officer had actual knowledge of the deficiency at a time when it could have been corrected. *Fitzgerald* requires relief.

The decision of the district court denying habeas corpus is reversed and the case is remanded with instructions to grant the writ and require that Cantrell be permitted an out of time appeal or released.

**REVERSED and REMANDED.**

---

5. Even if defense counsel did not receive a copy of the Attorney General's August 15 motion, his failure to secure a certified transcript that would permit review of the case was in itself ineffectiveness of counsel. It is appellant's duty to see that the record on appeal is correct. *See, e. g.*, *Orum v. State*, 286 Ala. 679, 245 So.2d 831 (1971); *Shadle v. State*, 280 Ala. 379, 194 So.2d 538 (1967); *Henry v. Jackson*, 279 Ala. 225, 184 So.2d 133 (1966); *Hopkins v. State*, 51 Ala.App. 510, 286 So.2d 920 (1973); *Rushing v. State*, 40 Ala.App. 361, 113 So.2d 527 (1959). *See also, Flanagan v. Henderson, supra.* The Attorney General had knowledge of the deficiency whether or not his awareness was called to the attention of the defendant's lawyer.

6. Rule 18 of the Supreme Court Rules of Alabama, in effect at the time, provided:

"A certiorari to perfect or bring up a complete record may be awarded, on motion of either party, at any time before the submission of the cause, if its object be to sustain a judgment, without a showing; but if to reverse a judgment, a sufficient showing must be made."

*See Morris v. State*, 268 Ala. 60, 104 So.2d 810 (1958); *Lane v. State*, 46 Ala.App. 637, 247 So.2d 679 (1971); *see also Adams v. State*, 291 Ala. 224, 279 So.2d 488 (1973); *Bowlin v. Bowlin*, 267 Ala. 655, 104 So.2d 630 (1958); *Jackson v. Lowe*, 48 Ala.App. 633, 266 So.2d 891 (1972); *Baker v. State*, 39 Ala.App. 221, 96 So.2d 821 (1957).