# Wade *v.* Gilmer.

## *Ejectment.*

(Decided February 12, 1914.   64 South. 611.)

1. *Ejectment; Disclaimer; Judgment.*—Where defendant filed disclaimer of possession of the lands sued for, with suggestion that the suit arose over a disputed boundary line, plaintiff had the election to take judgment on the plea; having joined issues thereon instead of contesting the disclaimer, the issue on that feature of the case presented only the question of defendant's possession vel non.

2. *Same; Effect.*—Where defendant filed a plea disclaiming possession, and suggested that the controversy was over a disputed

[Wade v. Gilmer.]

boundary line, such plea admitted plaintiff's title but denied defendant's possession, and the question of title was not in issue.

3. *Same; Contest.*—The effect of successfully contesting a disclaimer in ejectment is to impose costs and damages on the unsuccessful disclaimer.

4. *Same; Boundary Line; Determination; Statutes.*—Where in connection with the disclaimer a defendant in ejectment suggests that the real subject of the controversy is a dispute as to the true location of the boundary line, the only question litigable is what is the true location of such line, or the place where the boundary line lies (section 3843, Code 1907).

5. *Boundaries; Disputed Lines; Verdict.*—Where the jury found for plaintiff and established the "B. M. G. survey as the true line of the N. E. quarter, of the N. W. quarter, section 10, T. 13, R. 10, E.," such verdict left the matter at large, and did not specify the location of the true line in such a way that it could be marked out by an officer, and hence, was fatally defective.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Ejectment by L. A. Gilmer against M. L. Wade. Judgment for plaintiff and defendant appeals. Reversed and remanded.

TATE & ARNOLD, and BLACKWELL & AGEE, for appellant. The court erred in the admission of the testimony of the surveyor.—*L. & N. v. Tegner*, 125 Ala. 593. The only way to show delivery of deed is by parol testimony. It is competent to show that since the bringing of the suit plaintiff had parted with possession of the land, and turned it over to his son.—*Scranton v. Ballard*, 64 Ala. 403; *Bruce v. Bradshaw*, 69 Ala. 360; *Cofer v. Schening*, 98 Ala. 338. Counsel discuss other assignments relative to evidence, but without further citation of authority. Where the parties agree as to the boundary line between them and this is accepted and acted on in good faith by both, such line so agreed upon becomes the boundary line notwithstanding the call of the deeds. —*Garret v. Sewell*, 95 Ala. 456; *Henry v. Jones*, 28 Ala. 385; 27 Am. Rep. 226; 5 Cyc. 930-33; 4 A. & E. Enc. of Law, 860; *Alexandre v. Wheeler*, 69 Ala. 340. Charges

F and I should have been given.—*Timberlake v. Brewer,* 59 Ala. 108. The court erred in refusing to retax and apportion the cost.—§ 3843, Code 1907. The verdict would not support the judgment.—*Alexander v. Wheeler, supra; Bennett v. Morris,* 9 Port 171; *Roe v. Goetchius,* 61 South. 330.

KNOX, ACKER, DIXON & STERNE, for appellee. The court did not err in its action relative to the testimony of the surveyor.—*L. & N. v. Stewart,* 128 Ala. 330. The only question litigable under the pleadings in this case was the possession of defendant, and no question of title was in issue.—§ 3843, Code 1907, and authorities cited. The court properly refused charges F and I.— *B. R. L. & P. Co. v. Adkins,* 62 South. 367. Several of the deeds do not appear in the bill of exceptions, and therefore, the court cannot be put in error for giving or refusing charges, as this court is not in possession of all the testimony.—*Maddox v. Duncan,* 163 Ala. 278. Whether the verdict will support the judgment or not, it is now too late to raise that question, as appellant did not see fit to object to the form at the time it was rendered, nor make proper motion in the trial court.—38 Am. Dec. 100; 16 Pet. 321; 111 Mich. 187. The verdict was sufficient.—*Carlisle v. Kinnebrew,* 91 Ala. 351; Tyler on Ejectment, 581.

McCLELLAN, J.—A succinct statement of the progress and posture of the pleading in this matter will disclose the narrow issue made by the trial. On August 21, 1911, Gilmer (appellee) filed a complaint in statutory ejectment against Wade (appellant) to recover 40 acres of land therein described. On October 4, 1911, Wade filed to the complaint two "pleas." The first appears to have been disclaimer of all of the land sued for except a fraction thereof particularly described in the

first "plea." The second "plea" was, in substance, the statute of limitation as to part (described therein) of the land sued for, with disclaimer as to the remainder thereof. On March 19, 1912, defendant filed the following in the cause: "Now comes the defendant and by leave of the court files additional plea as follows: Third, that he disclaims possession of the premises sued for, and suggests to the court that the suit arises over a disputed boundary line." On September 14, 1912, following an allowed amendment of the complaint, the defendant withdrew "his pleas 1 and 2." On September 24, 1912, a minute entry recites that defendant, by leave of the court, withdrew "all his pleas except plea of disclaimer last filed"—meaning that filed March 19, 1912. The judgment entry, of September 28, 1912, recites: "Came the parties by attorneys, and issue being joined upon the defendant's third plea filed the 19th day of March, 1912, thereupon came a jury," etc.

It thus appears that, instead of taking judgment upon the complete disclaimer asserted in the first clause of the third plea, as the plaintiff might have done (*Torrey v. Forbes,* 94 Ala. 135, 10 South. 320), the plaintiff elected, by his joinder in issue on the third plea, to contest the disclaimer. Thereupon, on this feature of the plea—the first stated therein—the issue thus made presented the question of defendant's possession vel non of the land sued for and nothing more.—*McQueen v. Lampley,* 74 Ala. 408, 410; *Torrey v. Forbes, supra; Bernstein v. Humes,* 60 Ala. 582, 31 Am. Rep. 52. The plea of disclaimer is "an admission of plaintiff's title, with denial of defendant's possession."—Authorities supra. Under such a plea no question of title as to lands so disclaimed is litigable.—Authorities supra. The necessary effect of a joinder in issue upon a plea of disclaimer is for the pleader to affirm no possession of the lands as to which

he disclaims and for the plaintiff to, in effect, affirm the defendant's possession. The only effect of successfully contesting a disclaimer is to impose costs and damages upon the unsuccessful disclaimer. So, on the first branch of the third plea the issue of possession vel non was raised.—Code, § 3843.

It is apparent that the pleader's intention was to avail of the statutory provision in Code, § 3843, for the determination of the "true location" of a disputed boundary line. The statute, new in the particular just stated to the Code of 1907, reads as follows: "The defendant may, in an action of ejectment, or in an action in the nature of ejectment, disclaim possession of the premises sued for, in whole or in part, and upon such disclaimer, the plaintiff may take issue; and, if the issue be found for him, he is entitled to judgment as if the defendant had, in an action of ejectment, entered into the consent rule, confessing possession as well as lease, entry and ouster, or, in an action in the nature of an action of ejectment, had pleaded 'not guilty,' admitting possession. The defendant in his disclaimer may suggest to the court that the suit arises over a disputed boundary line, and thereupon the court shall make up an issue and submit to the jury the question of the true location of the line, and shall render judgment accordingly and order the sheriff to establish and mark the true line, found by the jury, and in such case, apportion the costs justly and equitably." It is manifest from the statute that, if the plaintiff does not elect to contest the disclaimer, the filing of the disclaimer with the suggestion that the real subject of controversy is a dispute as to the true location of the boundary line, the only litigable question is: What is the true location of such line? Neither title nor possession, adverse or otherwise, can be involved in the issue. It is purely and solely an issue of place whereat the

true line lies.   But here we have the added factor, created by plaintiff's joinder in issue upon the plea of disclaimer, of possession vel non of the defendant.

The verdict of the jury, set out in the judgment entry, was as follows:   "We, the jury, find for the plaintiff the land sued for, and establish the B. G. McClellan survey as the true line of the N. E. ¼ of N. W. ¼, section (10) ten, township (13) thirteen, range (10) ten east, and assess no damages or rents."   Continuing, the judgment is:   "It is therefore considered by the court that the issues are in favor of the plaintiff, and that the plaintiff have and recover of the defendant the land sued for, to-wit,   *   *   *   for which let a writ of possession issue.   It is further ordered and adjudged by the court that the B. G. McClellan survey of the N. E. ¼ of the N. W. ¼ of section ten   *   *   *   be and the same is hereby fixed as the true line, and the sheriff is ordered to establish and mark the true line found by the jury. It is further ordered and adjudged by the court that the plaintiff have and recover of the defendant the costs in this behalf expended, for which let execution issue."

The Kentucky court, in *Foreman v. Redman*, 5 S. W. 556, had before it a very similar verdict and question to that here presented.   The court held that the verdict was too indefinite to afford a sufficient guide to the sheriff in the premises, and reversed the judgment, with directions to make the judgment more specific, if it could be done from the survey.

This court, in *Alexander v. Wheeler*, 69 Ala. 332, 342, considered the sufficiency in point of definiteness of a verdict in an action of ejectment—a verdict that undertook to find for the plaintiff for certain lands.   While not in immediate point here, where the inquiry in this respect is not one of area but of the location of a line, we think it strongly persuasive to the conclusion that the

34—186

[Wade v. Gilmer.]

verdict, in this particular, is so uncertain as to be at least erroneous, if not wholly void. In this instance, the rule with respect to general verdicts cannot afford aid. The proceeding for the determination of the location of a true boundary line is special in nature. The solution of the issue, when properly made under the direction of the court by having each litigant formally affirm that a particularly described line is the true line, can only be attained by a finding of the true line, giving in the verdict such data for locating it as that the sheriff may "establish and mark" the true line so found. This verdict refers to no monument or barrier or course or direction. It undertook to define the true line as found by reference to a certain survey by a certain surveyor. Manifestly, that left the matter at large. It should have been written in the verdict where the true line was to be marked by the officer. The result is there is no verdict definitely locating the true line; and, in consequence, the judgment is, if not void, at least affected with error requiring its reversal. We cannot, under our practice, take the hopeful liberty the Kentucky court did in *Foreman v. Redman, supra,* by directing the trial court to perfect the judgment by the ascertainment of the surveyor's line mentioned in the verdict. We have no recognized practice here where such a verdict may be amended or supplemented by the action of the court proper. The verdict is no sufficient verdict upon a special issue submitted to the jury.

The matter of the imposition of the costs on the contest of the issue of location of the true line and of establishing and marking the line so ascertained is committed by the statute to the sound discretion of the court.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD, SAYRE, SOMERVILLE, DE GRAFFENRIED, and GARDNER, JJ., concur.