90 So.2d 246

## Oscar LIMBAUGH

v.

## William W. COMER.

6 Div. 639.

Supreme Court of Alabama.

Sept. 6, 1956.

Rehearing Denied Nov. 15, 1956.

Kingman C. Shelburne, Birmingham, for appellant.

Rogers, Howard & Redden, Birmingham, for appellee.

SPANN, Justice.

Appellant, Oscar Limbaugh, filed his bill in equity in the Circuit Court of Jefferson County, Alabama, to settle a dispute as to the location of the boundary line between the property of appellant and William W. Comer, the appellee. The dispute arose when the respondent, Comer, began making certain improvements which the complainant, Limbaugh, claimed extended over the boundary line of the coterminous property and onto the land of the complainant. From an adverse decree complainant appeals.

The questions presented by appellant's assignments of error may be grouped into three principal categories:

1. What degree of certainty is required in the description of a boundary line established by a court decree?

2. When must judicial landmarks be ordered to be placed upon a boundary line so established?

3. Of what weight must testimony taken ore tenus in open court before a judge in equity be to support the finding of the location of a boundary line?

The court answers the questions so presented on this appeal as follows:

A decree establishing the location of a boundary line between the lands of coterminous owners must be reasonably certain within itself or by reference to the pleadings, evidence or documents filed in the cause, and the decree must be so certain that the line may be located and marked by an officer of the court who may be appointed to so mark the line without reference to extrinsic evidence or the use of his own discretion or by drawing his own conclusions as to any fact determinant of the true location of the line.

Where a decree refers to a survey without more in undertaking to describe a boundary line, the decree is not sufficiently certain, but where permanent monuments, natural or artificial, are already on the ground and are shown in evidence and incorporated in the decree they will suffice to fix the boundary. Iron stakes may be permanent monuments and since the decree referred to the iron stakes as being so placed that the line established by the decree could be marked by use of them, the trial court implied that the iron stakes were permanent markers and every presumption in favor of the correctness of the trial court's decree will be indulged. The description of the boundary line contained in the decree leaves no room for the drawing of conclusions or exercise of discretion in the location or marking of the line established.

The next question urged on the court by appellant involves an interpretation of Title 47, Section 4, Code of Alabama 1940. The section reads:

"The judgment shall locate and define the boundary lines involved by reference to well-known permanent landmarks, and if it shall be deemed for the interest of the parties, after the entry of judgment, the court may direct a competent surveyor to establish a permanent stone or iron landmark in accordance with the judgment, from which future surveys of the land embraced in the judgment shall be made. Such landmarks shall have distinctly cut or marked thereon 'judicial landmark.' The surveyor shall make report to the court, and in his report shall accurately describe the landmark so erected, and define its location as nearly as practicable."

Appellant contends that the decree rendered in the instant case improperly failed

to so order judicial landmarks to be placed upon the boundary line established. He relies on the case of Baldwin v. Harrelson, 229 Ala. 469, 158 So. 416, to support his contention wherein the court remanded a decree for revision by such an order. But appellee contends, and rightfully so, in our view, that the inclusion of such an order in the decree is a matter to be determined in the discretion of the trial court. Appellee relies heavily on the case of Redden v. Otwell, 252 Ala. 653, 42 So.2d 454, to support his contention. We are of the opinion that the trial court did not abuse its discretion and that appellee's contention must prevail. In the case before us, the trial court referred to permanent landmarks in its decree thus satisfying the statute.

■ The third question sought to be presented by the appellant is whether the evidence in the case was sufficient to support the finding of the trial court that the location of the boundary line was the center line of the "Old Tennessee Road" as represented on a certain survey admitted as evidence in the case. In his brief, appellee has directed the court's attention to testimony sufficient, we think, to support the finding of the trial court. Appellant's brief does not contain a concise statement of the record including a condensed recital of the evidence in narrative form so as to present the substance clearly and concisely as required by Supreme Court Rule 10, Title 7 Appendix, Code 1940. Consequently, we do not here recite the facts which we feel sustain the contention of the appellee that the evidence is sufficient to support the trial court's finding. Case v. O'Shields, 30 Ala. App. 254, 4 So.2d 202; Lamar Life Ins. Co. v. Kemp, 30 Ala.App. 138, 1 So.2d 760.

The two questions properly presented by appellant for our consideration both relate to the adequacy of the decree of the trial court. Appellant contends first that the decree is not sufficiently certain in its description of the boundary line. That portion of the decree objected to by appellant is as follows:

"* * * The court is clearly of the opinion from the testimony that the boundary line which controls is the center line of the said old road, sometimes referred to in the testimony as the 'old Tennessee Road'. The court has had for consideration, therefore, the question of ascertaining where the center line of the old Tennessee Road is. The court is of the opinion, and so finds, that the overwhelming weight of the credible testimony in the case shows that the map and survey of engineer and surveyor Whitson in all substantial respects is accurate and fixes the center line of the said road. This map and survey is in evidence as the respondent's exhibit No. 5. * * * The Whitson line in the center of the old Tennessee road is presently marked by iron stakes, * * *.

"* * * * * *

"2. The dividing line between the parties in the general direction of west from the Comer lands is fixed in accordance with the Whitson survey as shown on exhibit number 5 of the respondent, the said boundary line thus fixed being presently marked by iron markers."

The degree of certainty required in a decree fixing the location of a boundary line may be determined from a consideration of the following cases:

Baldwin v. Harrelson, 225 Ala. 386, 143 So. 558, 559:

"When such a bill seeks only the statutory relief, the complainant, upon proving the statutory allegations, is entitled to have the line described and located with reasonable certainty by the decree of the court (Clarke v. Earnest, 224 Ala. 165, 139 So. 223), which shall, within itself or by reference to the pleading or other records

in the cause, completely and accurately describe the true line. Hopkins v. Duggar, 204 Ala. 626, 87 So. 103; Alverson v. Floyd, 219 Ala. 68, 121 So. 55; Jenkins v. Raulston, 214 Ala. 443, 108 So. 47; Smith v. Cook, supra [220 Ala. 338, 124 So. 898]."

Payton v. Madison, 251 Ala. 353, 37 So.2d 588, 590:

"To support a judgment it is necessary that the description be of such a character that the sheriff, unaided by that kind of evidence aliunde, calling for his conclusion or discretion in the nature of a judicial act, can locate the land with the help of such things as recorded instruments, maps, monuments, and other objects which may be located by the data furnished by the description itself. Hughes v. Allen, 229 Ala. 467, 158 So. 307; Klepac v. Fendley, 222 Ala. 417, 132 So. 619."

This was an action of ejectment and the holding was on the sufficiency of the complaint to support the judgment for plaintiff.

Mere reference to a survey as determinative of the location of a boundary line sought to be established is not sufficient to describe the line with reasonable certainty. In the case of Ward v. Lane, 189 Ala. 340, 66 So. 499, 502, the court found that where in a suit to determine a disputed boundary line, a survey of the line had been made by one Thompson, and a map of that line was introduced in evidence, a verdict finding that the true line between the two subdivisions in question was " ' "The Thompson Line" ' ", without more, was insufficient to support a judgment, and could not be lawfully supplemented by the trial court adding thereto the Thompson map.

In Wade v. Gilmer, 186 Ala. 524, 64 So. 611, 612, the court said:

" * * * The proceeding for the determination of the location of a true boundary line is special in nature. The solution of the issue, when prop-

erly made under the direction of the court by having each litigant formally affirm that a particularly described line is the true line, can only be attained by a finding of the true line, giving in the verdict such data for locating it as that the sheriff may 'establish and mark' the true line so found. This verdict refers to no monument or barrier or course or direction. It undertook to define the true line as found by reference to a certain survey by a certain surveyor. Manifestly, that left the matter at large. It should have been written in the verdict where the true line was to be marked by the officer. * * *"

But in Baldwin v. Harrelson, 229 Ala. 469, 158 So. 416, 418, the court said:

"Where permanent monuments, natural or artificial, are already on the ground, shown in evidence, and incorporated in the decree, this will suffice, but, if not, the court should cause the line to be permanently marked, as provided by Code, § 6441."

In this case, the court observed:

"A wire fence may be quite durable or temporary, owing to the material out of which posts are made. This suit presents a controversy as to the location of an ancient fence. Moreover, it may suit the convenience of the parties to remove such fence, and this should not be inhibited by making it a judicially declared boundary. * * *"

The court then affirmed the lower court's decree establishing the wire fence as the true line, but remanded the cause with instructions to proceed to have judicial landmarks placed as provided by Code 1923, § 6441.

It is clear that iron stakes may be permanent markers as may be seen from the statement of the court in Redden v. Otwell, supra [252 Ala. 653, 42 So.2d 456]:

"There was evidence by the surveyor T. L. Simmons, by Mrs. A. Cambron Howard and other respondents that there were iron pins running along the line established by T. L. Simmons which are permanent markers and monuments and that there are other pins and monuments by which those running along the boundary line could be ascertained by a competent surveyor. The boundary line can be fixed by such permanent markers or monuments. Baldwin v. Harrelson, 229 Ala. 469, 158 So. 416; Smith v. Simmons, 228 Ala. 393, 153 So. 633."

As stated in 32 Words and Phrases, Permanent Monuments, on page 190:

"'* * * There is no particular necessity for drawing a distinction between natural objects such as streams, rivers, ponds, highways, trees, and other things, ejusdem generis, and permanent monuments which may imply an element of artificial construction, it being the manifest intent of the law that any object of a fairly permanent character, whether natural or artificial, may, if sufficiently prominent, serve for the purpose of reference and identification. * * *'"

Included in the interpretations quoted by Words and Phrases as descriptive of permanent monuments were "'"prominent posts, or stakes, firmly planted in the ground"'".

■ The court below by referring in its decree to the iron stakes in describing the location of the boundary line implies that the iron stakes in the instant case are permanent monuments, otherwise, the decree would be defective in the light of Ward v. Lane, supra, and Wade v. Gilmer, supra. The evidence having been taken ore tenus in open court before the trial judge, every reasonable intendment will be indulged in favor of the trial court's ruling. Therefore, the court's implied finding of fact that the iron stakes in evidence at the location of the line are permanent markers, will not be disturbed, the trial court having had a better opportunity to conclude from the evidence the character of the stakes than this court has on appeal. We conclude, therefore, that the decree of the trial court is sufficiently certain in its description of the boundary line as to be a proper judicial ascertainment of the location of such line.

Appellant contends that the trial court erred in failing or omitting to order that judicial landmarks be placed on the boundary line fixed by its decree. Though the case of Baldwin v. Harrelson, 229 Ala. 469, 158 So. 416, furnishes an example of a decree which should have been reinforced by an order for placing of judicial landmarks on the boundary line fixed by it, we do not think the instant case similarly deficient. In that case, the court found that a wire fence was not a permanent monument, and there was no evidence of any permanent monument already on the boundary line to which the court could refer in its decree. The instant case admits of distinguishing facts in that the iron markers present provide sufficient points of reference and identification in the fixing of the location of the line by the court. In Redden v. Otwell, supra, the court held that Title 47, § 4, Code 1940, which contains the provision that the court may provide for the placing of judicial landmarks, is directory and not mandatory. This court adheres to the finding in that case, and holds that there is no evidence of such an abuse of discretion as would enable the court to order that judicial landmarks be placed on the line. The presumption in favor of the trial court's decree further strengthens the propriety of the discretion exercised by the court below.

We conclude that appellant's assignments of error 1, 2, 3 and 6 relating to the certainty of the trial court's decree are not well taken, that assignment of error 5 relating to placing judicial landmarks is not well taken, and that assignments of error 4 and 7 relating to the sufficiency

**208**

of the evidence are not well taken. The decree of the lower court is therefore affirmed.

·Affirmed.

SIMPSON, GOODWYN AND MERRILL, JJ., concur.