165 So.2d 118

### CITY OF MOBILE

v.

### GAYLORD DEPARTMENT STORES OF ALABAMA, INC., et al.

1 Div. 108.

Supreme Court of Alabama.

May 28, 1964.

Tonsmeire & McFadden, Mobile, for Gaylord Dept. Stores.

McDermott & Slepian, Mobile, for City of Chickasaw.

Wm. R. Lauten and Ralph Kennamer, Mobile, for appellant.

PER CURIAM.

Appellee, Gaylord Department Stores of Alabama, Inc., (hereafter referred to as Gaylord) is the target of cross fire between appellee, City of Chickasaw, and appellant, City of Mobile, both in Mobile County, in the efforts of each to collect privilege license taxes in the form of a one-cent sales tax for doing business in the particular municipality.

In order to obtain a judicial ascertainment as to which municipality, appellee or appellant, is lawfully entitled to collect license taxes (the validity of the ordinances imposing the tax is not here questioned), Gaylord filed in the Circuit Court of Mobile County, in Equity, its amended petition for a declaratory judgment and for relief by other process.

A correct decree in answer to the petition and other pleadings filed by the respondents, the two municipalities, depends on the constitutionality of Act No. 866, General Acts of 1961, Vol. II, p. 1355,

in its relation to §§ 45 and 61 of the Constitution. No other constitutional questions are adequately argued in the brief of appellant, and hence will not be considered. —Rule 9, Revised Rules of the Supreme Court of Alabama, Vol. 3, Title 7, Recompiled Code of 1958; Limbaugh v. Comer, 265 Ala. 202, 90 So.2d 246.

Appellant cites § 45 of the Constitution of 1901, which reads as follows:

"The style of the laws of this state shall be: 'Be it enacted by the legislature of Alabama,' which need not be repeated, but the act shall be divided into sections for convenience, according to substance, and the sections designated merely by figures. Each law shall contain but one subject, which shall be clearly expressed in its title, except general appropriation bills, general revenue bills, and bills adopting a code, digest, or revision of statutes; and no law shall be revived, amended, or the provisions thereof extended or conferred, by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length."

The title to Act No. 866, supra, reads as follows:

"To alter, rearrange, and add to the limits of the City of Chickasaw, Alabama, and to alter and rearrange the limits of the City of Mobile, Alabama, by removing certain area from the limits of the City of Mobile, Alabama, and adding same to the limits of the City of Chickasaw, Alabama, and to describe the area so removed from the City of Mobile, Alabama, and so added to the City of Chickasaw, Alabama."

Included in the Act is Section 2, which reads as follows:

"All territory included in the limits of Parcel B above, and all property having a situs within such territory, shall not be subject to assessment for ad valorem taxation by the City of Chicka-

saw for a period of ten years from the effective date of this Act. In fixing this exemption the Legislature is mindful that said territory and property situated thereon are wholly commercial in nature and it is the intent of the Legislature to extend this exemption for the benefit of the City of Chickasaw and any businesses or industry now situated or which may locate thereon, for the mutual advantage of both."

■ We think this section is foreign to and incongruous with the title, and therefore offends § 45 of the Constitution. Ex parte Pollard, 40 Ala. 77(2).

■ But the inclusion of Section 2 does not invalidate the whole Act. This court in State ex rel. Clark v. Carter, 174 Ala. 266, 56 So. 974(6), observed as follows:

"* * * Because one section or one provision of an act may be unconstitutional and void does not necessarily render the entire statute or enactment void. If the act can be given operation and effect without such void provision, the valid portions of it will be allowed to stand, unless the court is unable to say or to know that the Legislature would have passed the act without the void provision; but the court is relieved of any doubt as to this matter by section 18 of the act in question, which expressly provides that, if any provision of the act shall be held void, it shall not affect any other section or provision of the act. Harper v. State, 109 Ala. [28] 32, 19 South. 857; State v. Davis, 130 Ala. [148] 150, 30 South. 344, 89 Am.St.Rep. 23; Shehane v. Bailey, 110 Ala. 308, 20 South. 359."

It is to be noted that the Act contains § 3, which provides that if any section or part of the Act be held unconstitutional by any court of competent jurisdiction, it shall not affect the remainder of the Act.

In view of the fact that in our opinion § 2 of the Act is violative of § 45 of the

Constitution, we pretermit any discussion of § 61 of the Constitution, which reads as follows: "No law shall be passed except by bill, and no bill shall be so altered or amended on its passage through either house as to change its original purpose."

Because of its invalidity, there is no room for contention on the part of appellant that the inclusion of § 2 so altered or amended the bill on its passage through either house as to change its original purpose.

█ Appellee Gaylord contends that appellant is precluded from asserting the unconstitutionality of the Act because appellant granted to it ad valorem tax exemption in the same manner as § 2 provides an exemption from ad valorem taxes for appellee, City of Chickasaw. The contention is that the City of Mobile is therefore not adversely affected and cannot be heard to complain. Citing State ex rel. Montgomery v. Merrill, 218 Ala. 149, 117 So. 473(6); State v. Friedkin, 244 Ala. 494, 14 So.2d 363(1).

Appellee in this contention overlooks the fact that appellant has an interest in the loss of sales tax revenue due to the provisions of the Act, which takes Parcel B from the City of Mobile and annexes it to the City of Chickasaw. This loss of revenue adversely affects appellant. In trying to preserve this revenue, it has a right to challenge the validity of the Act.

We hold that the Act is constitutional so far as the same is challenged here by assignment of error 3 and supported by adequate argument.

The decree of the trial court is affirmed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by this court as its opinion.

Affirmed.

LIVINGSTON, C. J., and GOODWYN, COLEMAN and HARWOOD, JJ., concur.