186 So.2d 129

Martha FOSHEE

v.

Melvin MIMS et al.

5 Div. 808.

Supreme Court of Alabama.

April 28, 1966.

Alvin B. Foshee, Clanton, for appellant.

Morgan Reynolds, Reynolds & Reynolds, Clanton, for appellees.

PER CURIAM.

Appellees filed in this court prior to submission of this cause their motion to strike the transcript of record and to dismiss the appeal. The motion contains twenty-three grounds, which may be summarized: (1) That the transcript of the evidence taken ore tenus has not been lawfully transcribed and authenticated by the official court reporter of the trial court; (2) for that the ex-officio register of the trial court failed to certify that the transcript is complete as provided in Title 7, § 767, Code 1940.

We think that all the grounds of the motion are without merit. It is to be noted that the motion to strike purports to embrace the entire record of the proceedings here on appeal and not just the transcript of the testimony. The failure of the official court reporter to furnish a lawful and cer-

tified transcription of the testimony she reported at the trial of the cause would not justify this court in striking the record proper, namely, the pleading and the final decree. If only the transcription of the testimony should be stricken, the appeal would lie as to the remainder of the record. Central of Georgia Railway Co. v. Hinson, 262 Ala. 223, 78 So.2d 286(3).

■ The certificate of the ex-officio register of the trial court (Chilton County Law and Equity Court) certifies "that the above and foregoing pages numbered 1 to 180 inclusive, is a full, true and correct transcript of all the records and proceedings had in the Chilton County Law and Equity Court of Chilton County, Alabama, in Equity, in the above cause." The transcript as we observe contains pages 1–180, inclusive.

This certificate omits the adjective "complete," while using the word "full," as required by § 767, Title 7, Code 1940. The two adjectives as used in § 767, supra, are synonymous. The inclusion of one and the omission of the other adjective in the certificate meets the demands of this section. Black's Law Dictionary, 3rd Edition; Webster's Third New International Dictionary; Mobile School Commissioners v. Putnam, 44 Ala. 506(8).

■ There is no merit in appellees' insistence here in brief that the decree of the trial court is not final and is insufficient to support an appeal. The decree purports to fix the boundary line between the lands of complainant and respondents. The fact that a surveyor was appointed as an officer of the court and ordered to place substantial markers at certain points and file a report of the same for exceptions or objections does not infect the decree with interlocutory characteristics of the decree held insufficient in the case of Tanner v. Dobbins, 251 Ala. 392, 37 So.2d 520. See Stokes v. Hart et al., 273 Ala. 279, 139 So.2d 300(1).

## On the Merits

The appeal here is from a final decree of the trial court purporting to establish the correct boundary lines between some real property belonging to the parties to this cause. Appellant's land lies in Sections 11, 13 and 14, while appellees' land is situated in Section 14, all in Township 22 North, Range 15 East, in Chilton County, Alabama. The boundary lines in question and at issue begin at a point on the west section line of said section 14, and run east for a distance approximating two forties, thence north approximating three forties to the north section line of said Section 14, thence east approximately two forties to the east section line of 14, thence south for a distance equating two forties along said section line.

The complaint by appellant is founded on Title 13, § 129(5), Code 1940. This section defines the powers and jurisdiction of the circuit court as to equity matters or proceedings and extends authority to that court "to establish and define uncertain or disputed boundary lines, whether the bill contains an independent equity or not." The Chilton County Law and Equity Court, created by local act (Act 138, Acts of Alabama 1961, Vol. II, p. 2071), embraces the same authority and powers as provided in Subsection 5, supra.

The final decree correctly finds, according to the evidence, that there were two surveys made of the property involved in this case; one survey of respondents' land by H. F. Headley, dated March 2, 1961 (Exhibit A), and one by B. E. Reed of complainant's land, dated June 7, 1961 (Exhibit 4). The decree incorrectly states that both surveys recognize the southwest corner of Section 14, Township 22 North, Range 14 East, as a proven and established section corner, as well as the northeast corner of said section.

Our review of the evidence leads us to conclude that each surveyor established the southwest section corner at a different place from the other—some distance apart, while not agreeing as to the location of the north-

east section corner. Such disagreements place the disputed boundary lines at different places. The trial court in its decree started at the southwest corner to establish a beginning point for the boundary line, and from such point it defined and fixed lineal distances east, north, and east again to the northeast corner of said Section 14, thence south for a stated distance. These directions and distances correspond with the plat of the Headley survey (Exhibit 4) that was introduced in evidence. The decree referred to the Headley survey as having been made (as well as the Reed survey), but did not adopt said Headley map or plat and make it a part of the decree.

The decree designates the witness H. F. Headley to place substantial metal or concrete markers "at the point of beginning of said line and at the beginning of each call and at the terminal point of said line," with instructions to file "a sworn report of same * * * for any objections or exceptions either party may desire to file to said report."

We held in Limbaugh v. Comer, 265 Ala. 202, 90 So.2d 246(1) (2–6), as follows:

"A decree establishing the location of a boundary line between the lands of coterminous owners must be reasonably certain within itself or by reference to the pleadings, evidence or documents filed in the cause, and the decree must be so certain that the line may be located and marked by an officer of the court who may be appointed to so mark the line without reference to extrinsic evidence or the use of his own discretion or by drawing his own conclusions as to any fact determinant of the true location of the line.

"Where a decree refers to a survey without more in undertaking to describe a boundary line, the decree is not sufficiently certain, but where permanent monuments, natural or artificial, are already on the ground and are shown in evidence and incorporated in the decree they will suffice to fix the boundary.

Iron stakes may be permanent monuments and since the decree referred to the iron stakes as being so placed that the line established by the decree could be marked by use of them, the trial court implied that the iron stakes were permanent markers and every presumption in favor of the correctness of the trial court's decree will be indulged. The description of the boundary line contained in the decree leaves no room for the drawing of conclusions or exercise of discretion in the location or marking of the line established." (265 Ala. 204, 90 So.2d 247)

We do not think the decree meets the demands of the aforequoted pronouncement of this court. A surveyor cannot in our judgment take the decree and locate the disputed southwest corner of the section, because it fails to set forth any identifying physical marks or data pointing to the location of said corner. He would have to make a survey himself or seek extrinsic evidence to locate the corner. The same thing would be true of the northeast corner of the section.

It is true that the decree without more refers to two surveys, each reaching conflicting conclusions as to the sectional corners, but the decree is not certain and definite enough to stand alone without the aid of extrinsic evidence. It did not incorporate permanent monuments, natural or artificial, shown by the evidence of each surveyor. These permanent monuments described by the witnesses were not mentioned in the decree so that an officer appointed by the court could go to the area and locate the section corners, and thus be informed where to begin lineal measurements mentioned in the decree. The same may be said of the northeast corner of the section. The description of the boundary lines in the decree leaves room for drawing conclusions or the exercise of discretion in locating or marking the lines intended to be established.

Due to the vagueness and uncertainty of the final decree in attempting to spell out

and establish the boundary lines as prayed in the bill of complaint, we reverse the decree and remand the cause for further proceedings in accordance with the pleadings and applicable law.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.