PER CURIAM.
This is an appeal from a judgment in a statutory ejectment action in which “a disputed boundary line” was suggested by Defendant. Because the judgment must be reversed and the cause remanded, due to the failure of the judgment to order the sheriff to establish and mark the true line, no purpose will be served in detailing the facts or discussing at length the issue.
Suffice it to say that the record reveals a disputed factual issue as to the true boundary line, appropriate for the jury’s resolution. While we agree with Appellant’s counsel that the evidence presents a strong case for a finding of adverse possession, there was evidence that Appellant attended a public sale and bid upon the property now claimed by the Appellees— the successful bidders and record owners. This evidence warranted a finding that Appellant recognized superior title in Appel-lees’ predecessor in title. Kerlin v. Tensaw Land & Timber Co., 390 So.2d 616 (Ala.1980). Such a finding, however, in light of the circumstances surrounding Defendant’s good faith possession, does not warrant an award of punitive damages. Code 1975, § 6-6-296.
We further find that the judgment entered upon the jury verdict is deficient in that the sheriff, upon order of the court to do so, could not fix by use of those documents the true boundary line between the parties, as mandated by Code 1975, §§ 6-6- *914 280, et seq. See Tidwell v. Strickler, 457 So.2d 365 (Ala.1984).
Upon remand, if the trial court is satisfied that the jury verdict is sufficiently complete, it should amend its judgment to carry out the statutory requisite for fixing the true boundary line. If, on the other hand, the trial court finds that the substance of the verdict will not support a judgment directing the sheriff to fix the true boundary line between the parties, as statutorily required, it should order a new trial. In any event, the final judgment may not include an award of punitive damages.
Nothing in this opinion shall be construed to prevent the parties from agreeing upon the location of the true boundary line, fixing the same accordingly, and reporting their settlement to the trial court for disposition of this cause.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.
BEATTY, J., concurs in the result.