TORBERT, Chief Justice.
This is an appeal from an amended judgment in a statutory ejectment action in which “a disputed boundary line” was suggested by the appellant, who was the defendant. On original appeal, we reversed the judgment of the trial court due to its failure to order the sheriff to establish and mark the true line. See, Knox v. Criddle, 490 So.2d 913 (Ala.1986). In remanding the case, we stated:
“Upon remand, if the trial court is satisfied that the jury verdict is sufficiently complete, it should amend its judgment to carry out the statutory requisite for fixing the true boundary line. If, on the other hand, the trial court finds that the substance of the verdict will not support a judgment directing the sheriff *970 to fix the true boundary line between the parties, as statutorily required, it should order a new trial.”
490 So.2d at 914.
The verdict of the jury was as follows: “We find in favor of the Plaintiff to be the owner of all land in SE corner except the 8 acres in the North East corner as shown in Allen survey.”
On remand, the trial court entered a written order that (1) established that the property in dispute “lies in the Southeast Quarter of the Northeast Quarter of Section 33, Township 19, Range 15, Autauga County, Alabama; (2) concluded that the jury ascertained the true boundary lines of the property in dispute; and (3) concluded that the jury's verdict is sufficiently complete for the court to amend its judgment to carry out the mandate of Code of Alabama (1975), § 6-6-285. The trial court therefore ordered the sheriff of Autauga County to stake out the true boundary line of the disputed property as follows:
“Go to the Southeast Comer of the Northeast Quarter of Section 33, Township 19 North, Range 15 East, Autauga County, Alabama, to a concrete monument. If there is not a concrete monument, put an iron stake at the said Southeast comer. Thence South 89 deg. 46' 16" W. 1320.76' to a concrete monument. If you do not find a concrete monument at said location, place an iron pin at that point. Thence N. 00 deg. 29' 01" W. 1306.30' to an iron pin. If you do not find an iron pin at that place, place one there. Thence North 89 deg. 59' 36" E., 727.27' to an iron pin. If you do not find an iron pin at that location, place one there. Thence South 02 deg. 18' 42" W. 567.73' to an iron pin. If you do not find an iron pin at that location, place one there. Thence North 89 deg. 59' 36" E. 626.23' to an iron pin. If you do not find an iron pin at that location, place one there. Thence South 00 deg. 05' 31" E. 733.88' to the point of beginning, which will be marked by a concrete monument or an iron pin that you have placed.
“The property as hereinabove ordered for the Sheriff to stake out is the property of the Plaintiffs [appellees], and the remainder of the property which is situated in the Northeast corner of the said Southeast Quarter of the Northeast Quarter of Section 33, Township 19 North, Range 15 East, consisting of approximately eight (8) acres, more or less, is the property of the Defendant [appellant].
The Sheriff is hereby ORDERED AND DIRECTED to carry out the mandate of this Order, that is, to stake out said property as aforesaid, and in carrying out this Order, the Sheriff is authorized to employ such professional help that he may feel is necessary in carrying out his duties under this Order. The fee for such services shall be taxed as part of this proceeding.”
Appellant argues that the jury verdict is not sufficiently complete to allow the trial judge to amend its judgment to carry out the statutory requisite for fixing the true boundary line. See, Code of Alabama (1975), § 6-6-285. Appellant submits that the trial court impermissibly rewrote the jury verdict by, (1) establishing that the property was located in “the Southeast Quarter of the Northeast Quarter of Section 33, Township 19, Range 15, Autauga County, Alabama” and, (2) adding a metes and bounds description of the plaintiffs’ property. Appellant concludes that he is entitled to a new trial and that the trial court erred in denying his motion for a new trial on the aforesaid grounds.
In Wade v. Gilmer, 186 Ala. 524, 64 So. 611 (1914), an action for ejectment in which a disputed boundary line was suggested by the defendant, the jury returned the following verdict: “[W]e, the jury, find for the plaintiff the land sued for, and establish the B.G. McClellan survey as the true line of the N.E. Vi of the N.W. Vi, section (10) ten, township (13) thirteen, range (10) ten east, and assess no damages or rents.” In response to the defendant’s argument that the verdict would not support the trial court’s judgment, this Court held:
“[W]here the inquiry in this respect is not one of area but of the location of a line, we think it strongly persuasive to *971 the conclusion that the verdict, in this particular, is so uncertain as to be at least erroneous, if not wholly void. In this instance, the rule with respect to general verdicts cannot afford aid. The proceeding for the determination of the location of a true boundary line is special in nature. The solution of the issue, when properly made under the direction of the court by having each litigant formally affirm that a particularly described line is the true line, can only be attained by a finding of the true line, giving in the verdict such data for locating it as that the sheriff may ‘establish and mark’ the true line so found. This verdict refers to no monument or barrier or course or direction. It undertook to define the true line as found by reference to a certain survey by a certain surveyor. Manifestly, that left the matter at large. It should have been written in the verdict where the true line was to be marked by the officer. The result is there is no verdict definitely locating the true line; and, in consequence, the judgment is, if not void, at least affected with error requiring its reversal. We cannot, under our practice, take the hopeful liberty the Kentucky court did in Foreman v. Redman, [5 S.W. 566 (1887)] by directing the trial court to perfect the judgment by the ascertainment of the surveyor’s line mentioned in the verdict. We have no recognized practice here where such a verdict may be amended or supplemented by the action of the court proper. The verdict is no sufficient verdict upon a special issue submitted to the jury.”
186 Ala. at 529-30, 64 So. at 612-13. (Emphasis added). See also, Ward v. Lane, 189 Ala. 340, 66 So. 499 (1914) (relying on Wade).
The appellees argue that, based on this Court’s prior decisions in Limbaugh v. Comer, 265 Ala. 202, 90 So.2d 246 (1956), and Tidwell v. Strickler, 457 So.2d 365 (Ala.1984), the trial court correctly amended its judgment to include the “Allen survey.” In Tidwell, this Court stated:
“[W]hile mere reference to a survey, without a further undertaking to describe a boundary, renders a decree insufficient, nevertheless, where permanent monuments, natural or artificial are shown in evidence or are incorporated in the decree, they will suffice to fix a boundary. Ray [v. Robinson, 388 So.2d 957 (Ala.1980) ], supra, citing Limbaugh v. Comer, 265 Ala. 202, 90 So.2d 246 (1956).”
457 So.2d at 368. (Emphasis added.)
We agree with the appellees that the trial court correctly amended its judgment in this case and that the judgment, as amended, meets the statutory requirement of fixing the true boundary line between the parties’ property. To the extent they are contrary to this opinion, we overrule Wade v. Gilmer, supra, and Ward v. Lane, supra.
Wade and Ward rested on the theory that, because the proceeding for the determination of a boundary line is special in nature, it is necessary for the jury’s verdict to so definitely ascertain the location of the true line that the sheriff may “establish and mark” the true line so found. Therefore, it was reasoned that a verdict’s mere reference to a certain survey as establishing the true line did not properly resolve the issue. It is to this reasoning that we no longer adhere. Although mere reference to a named survey may render the verdict technically incomplete, we are of the opinion that such a verdict may be amended or supplemented by the trial court in its written judgment so as to definitely fix the true boundary line by use of the metes and bounds descriptions and by reference to the permanent monuments contained in the survey found by the jury as demarcating the true line. We hold that such action is sufficient to meet the statutory requirement of ascertaining the true boundary line. Code of Alabama (1975), § 6-6-285. In Alabama Farm Bureau Mutual Casualty Insurance Co. v. Williams, 530 So.2d 1371 (Ala.1988), we expressly sanctioned the practice of amending or supplementing verdicts in cases where the verdict is defective only in form, i.e., where the verdict can be made perfect by reference to the pleadings, papers, and evi *972 dence in the case and the instructions of the court. See, Williams, supra.
In the instant case, the jury implicitly ascertained the true boundary line between the litigants’ respective properties by finding that the Allen survey, which was in evidence, correctly delineated the boundaries of the appellees’ property. The intent of the jury being clear, the trial court was entitled to supplement the verdict in its judgment so as to carry out that intention.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.