INGRAM, Justice.
Darryl McCoy NeSmith sued Thurston Holland, seeking to have the trial court establish a boundary line between two adjacent parcels of land, one of which is owned by NeSmith and the other by Holland. Following an ore tenus proceeding, the trial court ruled for NeSmith, and Holland appealed.
On appeal, Holland raises only the issue of whether the trial court’s judgment is clearly erroneous, manifestly unjust, and contrary to the evidence.
Initially, we note that where testimony is presented ore tenus in an action to establish a boundary line between coterminous landowners, the judgment of the trial court is presumed correct. Tidwell v. Strickler, 457 So.2d 365 (Ala.1984). The trial court’s judgment need only be supported by credible evidence, and, if so supported, the judgment will not be disturbed unless it is palpably erroneous or manifestly unjust. Id.
The record in the present case reveals the following: The boundary line in dispute is the west boundary of NeSmith’s property and the east boundary of Holland’s property. NeSmith purchased his property in December 1988. Holland purchased his tract in March 1989. NeSmith testified at trial that he walked'the property in question before he purchased it and that there were no fences, roads', or visible use lines on the property. In August 1989, NeSmith obtained a survey of the property according to the description contained in his deed. At that time, the surveyor marked NeSmith’s west boundary line. Soon thereafter, Holland erected a fence approximately 25 to 30 feet east of the boundary line as established by NeSmith’s survey. This initiated a dispute regarding the correct boundary line.
Holland asserted at trial that the recognized boundary line was not the line established by the surveyor, but, rather, was the centerline of an abandoned dirt roadbed. Holland testified that the roadbed had been in existence since 1968 and that as early as 1972, his predecessor in title had claimed to the centerline of that roadbed. Holland called a witness who testified that she was familiar with the boundary line and that the line had always been the dirt roadbed. However, on cross-examination, the witness admitted that she was not familiar with the boundary line in the particular area of the property in dispute.
NeSmith called the surveyor who conducted the August 1989 survey to testify. The surveyor indicated that there were no visible fences or roads or any other indication of a boundary line at the time that he surveyed NeSmith’s property. NeSmith also called two other witnesses who were familiar with the property in question. Both witnesses testified that they did not know of any community reputation regarding the location of the boundary line and that there was no discernible indication of a boundary line. Neither NeSmith’s nor Holland’s predecessors in title testified at trial.
In the present case, the trial court was presented with conflicting evidence as to the correct boundary line between the parties’ property. From this evidence, the trial court determined the correct boundary line to be that established when NeSmith had the property surveyed. Because there is ample evidence in the record supporting the trial court’s decision, we conclude that the judgment of the trial court is due to be affirmed.
AFFIRMED.
MADDOX, ALMON, ADAMS and STEAGALL, JJ., concur.