PER CURIAM.
This is a landline dispute. The defendants, John and Nancy Shoemaker, appeal from a judgment of the trial court determining the correct coterminous boundary of the parties to be that boundary shown by the plaintiffs’ surveyor.
The Shoemakers purchased a piece of land in 1973 described in the deed as:
“AH land owned by Grantors lying East of the road in the NE ¼ of SW ¼ and the NW ¼ of the SE lk, less 2¾⅛ acres owned by Oscar Taylor and a tract of land described as: Beginning at a point 66 feet South of SW corner of NE ¼ of SW ¼, Section 31, Township 13 North, Range 2 West and run East parallel to the South boundary line for a distance of 629 feet and designated as point of beginning, thence East 210 feet, thence Northwesterly for approximately 264 feet, thence South 130 feet to point of beginning, together with all improvements situated thereon, and a tract of land described as follows: Beginning at the SE corner of the NE ¼ of the SW Vi, thence South 66 feet to a point, thence West 1320 feet to a point, thence North 66 feet to the SW corner of the NE ¼ of the SW Vs, thence East 1320 feet to the point of beginning. “All of the above described land lying situate and being in Section 3, Township 13, Range 2 West, Choctaw County, Alabama, and containing 70 acres, more or less.”
(C.R. 62.)
The plaintiffs, Jimmy Lee Allen and Patty Allen, purchased the piece of land adjoining the Shoemakers’ property in 1974. The previous owners of the Allens’ property were Patty Allen’s parents. The Allens’ property was described by deed as:
*832 “The W ½ of the SW ¼ of the SE ¼ of Section 3, Township 13 North, Range 2 West, lying North of Choctaw County Highway No. 43, containing ten (10) acres, more or less, lying situate in Choctaw County, Alabama”.
(C.R. 50.)
From 1974 to 1989, the parties had several confrontations concerning where the northern boundary line of the Allens’ property was located. The Allens had their land surveyed in 1989. After that survey was completed, the Allens recorded a deed of correction, which described their property as:
“All that part of the W ⅛ of SW ⅝ of SE Vi of Section 3, Township 13 North, Range 2 West, in Choctaw County, Alabama, lying North of County Highway No. 43. Being more fully described as: Beginning at the NE Corner of the W ½ of the SW V* of SE ⅜ of said section and run thence South for 754.4 feet to the North right-of-way line of said road. Thence run North 57 degrees 05 minutes 54 seconds West, along said right-of-way for 786.08 feet to the West line of said forty. Thence run North, along said forty line, for 327.4 feet to the NW corner of said forty. Thence run East for 660.0 feet to the point of beginning. Containing 8.19 acres.”
(C.R. 45.)
The Allens sued the Shoemakers in order to determine the correct boundary line between the two properties. The only issue before the trial court was the correct location of the northern boundary of the Al-lens’ property.
The trial court heard the evidence without a jury. The Shoemakers contended that a barbed wire fence on the south end of their property and the north end of the Allens’ property was the correct boundary line. The Allens testified that the fence had been put up by the previous owner of the Allens’ land as a fence to pasture cattle. Patty Allen’s mother, the previous owner of the Allens’ property, also testified that the fence was used to pasture cattle and was not a boundary fence. The surveyor testified that the boundary line described in the land survey was the correct boundary line between the Allen and Shoemaker properties.
The trial court determined that the fence was not a boundary line fence and that the correct boundary line between the two parcels of land was the boundary line determined by the surveyor.
Where evidence is presented ore tenus and a trial court determines a boundary line between coterminous landowners, the court’s determination is presumed to be correct and will be upheld on appeal if supported by credible evidence. Hiser v. Hulsey, 565 So.2d 5 (Ala.1990). Under this standard of review, the Shoemakers must show that no credible evidence existed to support the trial court’s determination of the boundary line. The Shoemakers did not meet this burden.
The trial court resolved the factual dispute presented by the conflicting evidence. The record contains ample evidence to support the trial court’s determination of the boundary line.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, HOUSTON and KENNEDY, JJ., concur.