MONROE, Judge.
The plaintiffs, Linda Robinson Moody, Peggy Zanaty, and Bobby Karr, sued Lloyd Wakefield, Steve Wakefield, and Jennifer Wakefield, requesting the trial court to establish a boundary line dividing the plaintiffs’ property on the west and the defendants’ property on the east. In addition, the plaintiffs alleged that a commonly observed boundary line had existed for more than 20 years, and that they should be adjudged to own the property west of the boundary line by adverse possession. The defendants counterclaimed, requesting the trial court to establish a boundary line, alleging that Moody had trespassed on their property and requesting that damages be awarded for the alleged trespass. After an ore tenus proceeding, the trial court entered an order establishing a boundary line between the properties and rejecting the plaintiffs’ claim to own certain property by adverse possession. The trial court’s order also rejected all other claims by the parties. The plaintiffs appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
On review of a trial court’s judgment in a boundary line dispute between coterminous landowners, we must presume the trial court’s determination to be correct if it is supported by credible evidence. Shoemaker v. Allen, 598 So.2d 831 (Ala.1992). The trial court’s judgment will not be reversed unless it is palpably erroneous or manifestly unjust. Holland v. NeSmith, 593 So.2d 82 (Ala.1992).
The record reflects that this dispute involves four parcels of land, which are located in the Northwest quarter of Section 36, Township 10 South, Range 9 West, in Winston County. These four parcels had formerly been owned by one person and had been directly or indirectly deeded to the parties involved in this dispute. The record also reflects that, of this property in the northwest quarter, the land is parceled as follows: Moody owns the northwest parcel; Zanaty and Karr own the southwest parcel; Lloyd Wakefield and his wife own the northeast parcel; and Steve Wakefield and his wife own the southeast parcel. In its order, the trial court established boundary lines dividing the western parcels from the eastern parcels. In establishing the boundary lines, the trial court’s order described the location of the lines by measurements beginning at the northwest comer of Section 36. For instance, the trial court described one of the boundary linés as follows:
“The true and correct boundary line between the plaintiff Linda Robinson Moody on the west, and the defendants Lloyd Wakefield and wife Imogene Wakefield on the east, in the North 1/2 of the Northwest 1/4 of Section 36, Township 10 South, Range 9 West, Winston County, Alabama is located by starting at the Northwest comer of said Section 36; thence run North 89 degrees 24 minutes 07 seconds East for 1,344.09 feet to the point of beginning of said true and correct boundary line; thence run South 02 degrees 42 minutes 14 seconds East for 1,340.21 feet.”
(Emphasis added.) The trial court’s order contained somewhat similar descriptions for each boundary line. In addition, the court’s order stated:
“For the benefit of counsel and the parties, this Court reminds the parties in the northerly forties that this disputed property line is near their homes and all parties, but particularly plaintiff Moody and the *410 Lloyd Wakefields, should continue to attempt to resolve this dispute themselves as this is an unusual case in that this Court understands one surveyor to have testified to a 200 foot difference between surveyors and also says that the NW 1/4 of the NW 1/4 is only larger on the north by 24.09 feet than a ‘perfect’ forty; thus, this Court concludes that the surveyors disagree on the location of the Northwest comer of Sec. 36; this Court suggests the parties may wish to pursue this point, if it is not too late to do so, and this Court egresses no opinion on timeliness.”
(Emphasis added.)
Thus, the trial court made an express finding that the location of the Northwest comer of Section 36 is disputed. Because the trial court set all the boundary lines by measuring starting from this corner, there is no way for the parties to correctly ascertain the location of their boundary lines. The Alabama Supreme Court has held:
“A decree establishing the location of a boundary line between the lands of coterminous owners must be reasonably certain within itself or by reference to the pleadings, evidence or documents filed in the cause, and the decree must be so certain that the line may be located and marked by an officer of the court who may be appointed to so mark the line without reference to extrinsic evidence or the use of his own discretion or by drawing his own conclusions as to any fact determinant of the true location of the line.”
Foshee v. Mims, 279 Ala. 414, 417, 186 So.2d 129, 131 (1966), quoting Limbaugh v. Comer, 266 Ala. 202, 204, 90 So.2d 246, 247 (1956).
The trial court’s order does not meet the requirements of Foshee v. Mims, because a surveyor could not take the order and locate the boundary lines without first making another survey or using extrinsic evidence to locate the Northwest comer of Section 36. See Foshee, 279 Ala. at 417, 186 So.2d at 131. Therefore, we must reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.
Based on the foregoing, we pretermit any discussion of the parties’ additional arguments.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.